**Maximino S. TITULAR, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 92–131.**

United States Court of Veterans Appeals.

June 15, 1993.

Before STEINBERG, Associate Judge■

**MEMORANDUM DECISION**

STEINBERG, Associate Judge:

The appellant, World War II veteran Maximino S. Titular, appeals from an October 1, 1991, decision of the Board of Veterans' Appeals (BVA or Board) denying service connection for pulmonary tuberculosis (PTB) and arthritis. *Maximino S. Titular,* BVA 91–32532 (Oct. 1, 1991). The Secretary of Veterans Affairs (Secretary) has moved for summary affirmance. Summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski,* 1 Vet.App. 23, 25–26 (1990). The Court will affirm the Board's decision.

### I. Background

The veteran had recognized active service from March 11, 1946, to February 19, 1949. R. at 1. Neither his enlistment examination nor his separation examination indicates any pertinent abnormality. R. at 5, 8–9. His service medical records disclose no treatment or diagnosis of active PTB or arthritis during service.

The veteran's claims for service connection of PTB and arthritis were denied by a prior final Board decision on June 9, 1971. R. at 49. The veteran apparently began proceedings to reopen his claims on the basis of new evidence in November 1988. *See* R. at 67. Thereafter, a Veterans' Administration (now Department of Veterans Affairs) (VA) re-

gional office (RO) ruled twice (apparently in February 1989 and May 1990) that the new evidence did not change the previous determination that the veteran's PTB and arthritis were not service connected. R. at 60, 64, 67. The claims were again denied by a VA hearing officer in October 1990 after an RO hearing at which the veteran and family members had testified under oath. R. at 86–90, 91–92. The BVA ruled in the decision on appeal that the evidence submitted by the veteran since the prior final decision in June 1971 was not new and material for purposes of reopening the veteran's claims for service connection for PTB and arthritis. *Titular*, BVA 91–32532, at 6.

## II.  Analysis

■■■  Pursuant to 38 U.S.C.A. § 5108 (West 1991), the Secretary must reopen a previously and finally disallowed claim when "new and material evidence" is presented or secured with respect to that claim. *See* 38 U.S.C.A. § 7104(b) (West 1991). On claims to reopen previously and finally disallowed claims, the BVA must conduct a "two-step" analysis. *Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991). First, it must determine whether the evidence presented or secured since the prior final disallowance of the claim is "new and material". If it is, the Board must then review the new evidence "in the context of" the old to determine whether the prior disposition of the claim should be altered. *Jones (McArthur) v. Derwinski*, 1 Vet.App. 210, 215 (1991). The determination as to whether evidence is "new and material" is a question of law which this Court reviews de novo under 38 U.S.C.A. § 7261(a)(1) (West 1991). *See Masors v. Derwinski*, 2 Vet.App. 181, 185 (1992); *Jones*, 1 Vet.App. at 213; *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991). The Court recently synthesized the applicable law as follows:

> "New" evidence is that which is not merely cumulative of other evidence of record. "Material" evidence is that which is relevant to and probative of the issue at hand and which, as this Court stated in *Colvin, supra,* ... must be of sufficient weight or significance (assuming its credibility) that there is a reasonable possibility that the new evidence, when viewed in the context

of all the evidence, both new and old, would change the outcome.

*Cox v. Brown,* 5 Vet.App. 95, 98 (1993).

In attempting to reopen his claim, the veteran submitted medical records of ongoing treatment for PTB and arthritis. R. at 14, 76–77, 105–12. He also submitted a medical statement, dated November 11, 1988, from a private physician, Dr. Magno Jamito, attesting to his having treated the veteran for both PTB and arthritis in January 1952. R. at 58. Furthermore, at the October 1990 RO hearing, the veteran's sister-in-law testified under oath that the veteran was "continuously" taking medication for both "his" PTB and arthritis. R. at 89. In order for PTB to be considered service connected, it must be incurred in or aggravated by active service or manifested to a 10% degree within three years after the date of separation from service; and in order for arthritis to be considered service connected, it must be incurred in or aggravated by active service or manifested to a 10% degree within one year after the date of separation from service. 38 U.S.C.A. §§ 1110, 1112(a) (West 1991); 38 C.F.R. §§ 3.307(a)(3), 3.309(a) (1992).

■■■  The Court holds that none of the evidence submitted by the veteran since the Board's June 1971 final denial of his PTB and arthritis claims is new and material. The newly submitted medical records indicate diagnosis and treatment of PTB and arthritis starting in December 1961, almost 13 years after service. R. at 14. Similarly, the testimony offered by the veteran's sister-in-law indicates only that the veteran was "continuously" taking medication for "his" PTB and arthritis. R. at 89. Even if this evidence were considered competent, which is doubtful (since under *Espiritu v. Derwinski*, 2 Vet.App. 492, 494 (1992), lay witnesses may not make medical diagnoses, and the sister-in-law thus could testify as to having observed his use of medication but not as to the medical condition for which he was taking it), her testimony places no specific time period on the veteran's alleged use of that medicine. Therefore, none of this evidence "create[s] a 'reasonable possibility' of service connection for purposes of reopening the claim", *Cox, supra,* since it does not indicate

that the PTB and arthritis were present in service or within the applicable presumption periods. "While a record of such treatment [since service] might be relevant and probative ... as to the issue of continuity of symptomatology and, hence, chronicity, under 38 C.F.R. § 3.303(b) (1992), it would not create a reasonable possibility of changing the outcome." *Cox, supra,* at 6. Therefore, this evidence is not sufficient to meet the first requirement of the two-step process under *Manio, supra,* for reopening a claim.

■ The other piece of evidence the veteran submitted is the November 11, 1988, statement from Dr. Jamito that he had treated the veteran in January 1952 for both arthritis and PTB. R. at 58. The Secretary contends that this evidence is not new at all, since it was already considered in the prior final decision in the form of a previous statement dated December 25, 1970, from Dr. Jamito. *See* R. at 51 (June 1971 BVA decision); *compare* R. at 58 *with* R. at 37. However, the statement considered by the BVA in June 1971 referred only to treatment for PTB in June 1949, while the 1988 statement refers to treatment for PTB in January 1952 (also within the three-year presumption period for PTB). R. at 37, 58. Furthermore, the second statement also refers to treatment for arthritis, a subject not included at all in the December 1970 statement. Because the dates of treatment and the conditions treated are different, the second statement is not *"merely cumulative"* under *Cox* and *Colvin, supra* (emphasis added), and it is, therefore, new.

■ Although new, this evidence is not material for purposes of reopening the veteran's claims. The new statement from Dr. Jamito does nothing to aid the veteran's claim for service connection for his arthritic condition, because treatment in January 1952 would have occurred more than one year (the presumption period for arthritis) after separation from service. *See* 38 C.F.R. § 3.307(a)(3) (1992). As to PTB, the doctor asserted that his examination of the veteran had included a fluoroscopic examination but that the fluoroscopic pictures, as well as other records pertaining to the veteran, were destroyed in a typhoon. This statement would indicate the onset of PTB within the three-year presumption period. However, this evidence does not aid the veteran's claim, because the doctor's statement is not "confirmed by acceptable clinical, X-ray or laboratory studies, or findings of active tuberculosis based upon acceptable hospital observation or treatment" pursuant to 38 C.F.R. § 3.374(c) (1992), which specifically requires such evidence for service connection of PTB diagnosed by a private physician. *See Tubianosa v. Derwinski,* 3 Vet.App. 181, 184 (1992) (holding that a veteran's claim for PTB must be substantiated by a VA or service physician diagnosis, or by the diagnosis of a private physician, supported by "clinical, X-ray, or laboratory studies or evidence of hospital treatment"). Because Dr. Jamito's statement is not substantiated by necessary contemporaneous evidence, and the BVA in 1971 had considered and rejected as inadequate Dr. Jamito's December 1970 statement asserting similar PTB treatment in 1949, it does not create a "reasonable possibility" of service connection for purposes of reopening the claim and is, therefore, not new and material evidence. *Cox, supra; Colvin, supra.*

### III. Conclusion

Upon consideration of the record, the appellant's informal brief, and the Secretary's motion, the Court holds that the appellant has not demonstrated that the BVA committed error that would warrant remand or reversal under 38 U.S.C.A. §§ 7261, 7252 (West 1991). The Court grants the Secretary's motion for summary affirmance and summarily affirms the October 1, 1991, BVA decision.

AFFIRMED.