Paz R. TUBIANOSA, Appellant,

v.

Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.

No. 90–893.

United States Court of Veterans Appeals.

Submitted May 15, 1992.

Decided Sept. 9, 1992.

Paz R. Tubianosa, pro se.

James A. Endicott, Jr., General Counsel, David T. Landers, Acting Asst. General Counsel, Thomas A. Mc Laughlin, Deputy Asst. General Counsel, and John D. Lindsay, Jr. were on the pleadings for appellee.

Before NEBEKER, Chief Judge, and MANKIN and STEINBERG, Associate Judges.

STEINBERG, Associate Judge:

On July 16, 1992, the Secretary of Veterans Affairs (Secretary) moved the Court to grant reconsideration, or review by a panel, in order to vacate or modify a July 2, 1992, single-judge memorandum decision in this case. In that prior decision, 3 Vet.App. 208, the Court had remanded a March 16, 1990, decision of the Board of Veterans' Appeals (BVA or Board) denying service connection for the cause of the appellant's husband's death, and, therefore, her reopened claim for dependency and indemnity compensation (DIC). The Court had vacated the decision and remanded the record on the ground that the Board had failed to consider new and material evidence. By order of August 4, 1992, the Court granted the Secretary's motion for reconsideration, vacated its prior decision, and directed that the case be assigned to a panel.

On August 27, 1990, the pro se appellant, Paz R. Tubianosa, widow of veteran Clodualdo A. Tubianosa, appealed from that BVA decision, claiming that her husband's cause of death was pulmonary tuberculosis (PTB) that had been acquired during service or within an applicable presumption period. It is that decision which the Court had initially vacated. The Court will now affirm the Board's March 16, 1990, decision.

## I.

The veteran, who died on May 9, 1965, served in the United States Armed Forces from December 11, 1941, to October 23, 1942, and again from August 31 to September 8, 1945. R. at 7–8. In support of her original claim, the appellant had submitted no evidence establishing that the veteran incurred or aggravated PTB during service or within the three-year presumption period. See 38 U.S.C. §§ 1110, 1112(a)(3), 1131 (formerly §§ 310, 312, 331); see also 38 C.F.R. § 3.371 (1991). In a June 29, 1970, rating decision, the Veterans' Administration (now Department of Veterans Affairs) (VA) Regional Office (RO) denied the appellant's claim for DIC, finding that she had failed to establish service connection for the veteran's cause of death. R. at 17. On June 13, 1988, the appellant sought to reopen her claim, submitting additional evidence. The new evidence, a July 1971 letter from a Philippines former public health official/social worker, stated that a 1946 physical examination had revealed that the veteran suffered from incipient pulmonary tuberculosis. R. at 29. The record on appeal also includes a second death certificate, undated and certified by a Philippines public health official, listing tuberculosis of the lung as a contributing cause of the veteran's death. R. at 31. The BVA, in its March 16, 1990, decision, treats this second death certificate not as newly submitted but rather as part of the evidence submitted in support of the appellant's original 1969 claim. However, the record shows only that the VA "received" a copy of a second death certificate in April 1973; thus, the Court cannot determine whether this second item is or is not new evidence.

## II.

Pursuant to 38 U.S.C. § 5108 (formerly § 3008), a previously and finally disallowed claim must be reopened by the Secretary when "new and material evidence" is presented or secured with respect to that claim. Evidence is new and material only if not cumulative and if it is "relevant and probative" and there is "a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Colvin v. Derwinski,* 1 Vet. App. 171, 174 (1991). The determination as to whether evidence is "new and material" is a conclusion of law which this Court reviews de novo under 38 U.S.C. § 7261(a)(1) (formerly § 4061). *See Masors v. Derwinski,* 2 Vet.App. 181, 185 (1992);

*Jones (McArthur) v. Derwinski,* 1 Vet. App. 210, 213 (1991); *Colvin, supra.*

■ The Secretary has statutory authority to prescribe regulations with respect to the "nature and extent of proof and evidence" that a claimant must submit to establish entitlement to VA benefits. 38 U.S.C. § 501(a)(1) (replaced § 210(c)(1)); *see generally Duro v. Derwinski,* 2 Vet.App. 530, 531–532 (1992) (sustaining regulations that prohibit VA from finding, without supporting service department document or verification, that an individual served in the U.S. Armed Forces). Pursuant to that authority, the Secretary has promulgated six regulations relating to service connection for pulmonary tuberculosis: 38 C.F.R. §§ 3.370, 3.371, 3.372, 3.374, 3.375, 3.378 (1991). The six regulations are grouped under the heading "RATING CONSIDERATIONS RELATIVE TO SPECIFIC DISEASES". Section 3.371(a)(1) provides:

> Evidence of activity on comparative study of X-ray films showing pulmonary tuberculosis within the 3–year presumptive period provided by § 3.307(a)(3) will be taken as establishing service connection for active pulmonary tuberculosis subsequently diagnosed by approved methods but service connection and evaluation may be assigned *only from the date of such diagnosis or other evidence of clinical activity.*

38 C.F.R. § 3.371(a)(1) (emphasis added). Although none of the six regulations explicitly indicate what constitutes the "approved methods" cited in section 3.371, that regulation seems to imply that VA will grant service connection for PTB only when such a claim is supported by medical evidence—"evidence of clinical activity". *Cf. Espiritu v. Derwinski,* 2 Vet.App. 492, 494 (1992) ("A layperson can certainly provide an eye witness account of a veteran's visible symptoms. . . . However, the capability of a witness to offer such evidence is different from the capability of a witness to offer evidence that requires medical knowledge"); *but cf. Smith (Bernard) v. Derwinski,* 2 Vet.App. 147, 148 (1992) (veteran can establish entitlement to service connection for genito-urinary and gastrointestinal disorders on basis of sworn statements, and VA can not deny veteran's claim simply because his service medical records had been destroyed); *Sheets v. Derwinski,* 2 Vet.App. 512, 514–15 (1992) (veteran's widow may submit lay evidence to establish service connection for veteran's alleged post-traumatic stress disorder, and absence of official clinical evidence is not sufficient to rebut such lay evidence).

Section 3.374, entitled "Effect of diagnosis of active tuberculosis", contains three paragraphs. Paragraphs (a) and (b) provide that diagnoses of PTB by the service department or VA will be accepted unless a board of medical examiners (in the case of service department diagnosis only), Clinic Director, Chief of Outpatient Services, or Chief Medical Director in the Central Office (upon referral in doubtful cases), concludes that such a diagnosis was incorrect. Paragraph (c), entitled "Private physician's diagnosis", states:

> Diagnosis of active pulmonary tuberculosis by private physicians on the basis of their examination, observation or treatment will not be accepted to show the disease was initially manifested after discharge from active service unless confirmed by acceptable clinical, X-ray or laboratory studies, or by findings of active tuberculosis based upon acceptable hospital observation or treatment.

38 C.F.R. § 3.374(c) (1991). Paragraph (c) then expressly states that when a private physician diagnoses PTB, he or she must include clinical, X-ray, or laboratory studies, or findings of active tuberculosis based upon acceptable hospital observation or treatment. Under these regulatory provisions, the Secretary contends in his motion for reconsideration, a diagnosis of PTB

> will be acceptable only when provided in: (1) service department records; (2) VA medical records of examination, observation or treatment; or (3) private physician records on the basis of that physician's examination, observation or treatment of the veteran and where the diagnosis is confirmed by acceptable clinical, X-ray or laboratory studies, or by findings of active tuberculosis based upon

acceptable hospital observation or treatment.

Secretary's Motion for Reconsideration at 2. Particularly in light of section 3.374, the Court agrees. The regulation must be interpreted as the Secretary urges. Otherwise, VA could reject some claims for service connection for PTB because the medical diagnoses submitted in support do not meet the standards set forth in section 3.374, but grant other PTB claims that are based on lay evidence alone. Such disparate results would clearly be unacceptable.

■ In its 1990 decision, the BVA apparently dismissed the 1971 letter by stating that "there continues to be an absence of clinical or laboratory evidence on file that was contemporaneously recorded during service or within three years after separation from active duty to confirm a diagnosis of pulmonary tuberculosis." *Paz R. VDA De Tubianosa in the Case of Clodualdo A. Tubianosa*, BVA 89–22739, at 4–5 (Mar. 16, 1990). The Court notes that the 1971 letter is new and that it relates to the onset of pulmonary tuberculosis during the three-year presumption period. In fact, the 1971 letter is the only evidence relating to service connection for the veteran's tuberculosis. However, the letter does not provide the service department or VA physician diagnosis required by 38 C.F.R. § 3.374(a), (b); nor does it provide the clinical, X-ray, laboratory, or hospital record evidence required in paragraph (c) of the same regulation. Without such evidence, under the Secretary's regulations, the claimant cannot establish service connection for the cause of the veteran's death; accordingly, she cannot establish entitlement to DIC.

Therefore, the Court holds that the 1971 letter, although new, is not material to the appellant's claim because the letter does not create a reasonable possibility of changing the outcome. For the same reason, even if the second death certificate were considered new evidence, it would not be material.

### III.

■ Finally, the Court notes that the Secretary did not cite section 3.374 in its motion for summary affirmance; his motion for reconsideration marked the first mention of the argument that section 3.374 allows VA to award service connection for pulmonary tuberculosis only when such a claim is supported by certain kinds of medical evidence. Similarly, the BVA cited neither section 3.374 nor section 3.371 in its 1990 decision. (This contrasts markedly with the actions, of which the Court takes judicial notice, by the Board and the Secretary in *Labog v. Derwinski*, U.S.Vet.App. No. 91–495 (Notice of Appeal filed March 20, 1991). *See MacWhorter v. Derwinski*, 2 Vet.App. 133, 134 (1992) (taking "note" of 24 cases before the Court in which VA General Counsel failed to file a brief or a motion for extension of time). In *Labog*, the BVA decision specifically referenced regulation section 3.374 and discussed its provisions, and the Secretary's motion also relied upon that section. *See Filomena D. VDA. De Labog in the Case of Roque M. Labog*, BVA 90–45926, at 3–4 (Dec. 13, 1990); Motion of the Secretary (in No. 91–495) at 3–4. As the Court has noted before: "Advancing different arguments at successive stages of the appellate process does not serve the interests of the parties or the Court. Such a practice hinders the decision-making process and raises the undesirable specter of piecemeal litigation." *Fugere v. Derwinski*, 1 Vet.App. 103, 105 (1990). The Secretary should have developed and presented *all* of his arguments in his initial pleading.

### IV.

Pursuant to the regulatory provisions of 38 C.F.R. §§ 3.371 and 3.374, legitimately prescribed by the Secretary pursuant to and within the authority of 38 U.S.C. § 501(a)(1), VA may not grant service connection for PTB unless a claimant submits VA or service physician diagnoses, or submits the diagnoses of a private physician supported by clinical, X-ray, or laboratory studies or evidence of hospital treatment. The appellant, in her original claim, had submitted no medical evidence meeting the requirements of section 3.374 to establish

that her husband incurred PTB during service or within the three-year presumption period; she submitted no such medical evidence to reopen her claim. Accordingly, the Court finds no error in the BVA's conclusion in its March 16, 1990, decision, that the appellant was not entitled to service connection for the cause of her veteran-husband's death. The March 16, 1990, BVA decision is, therefore, affirmed.

AFFIRMED.