Simeon S. LAURE, Appellant,

v.

Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.

No. 91–615.

United States Court of Veterans Appeals.

Oct. 19, 1992.

Before KRAMER, Associate Judge.

MEMORANDUM DECISION

KRAMER, Associate Judge:

Appellant, Simeon S. Laure, appeals a March 14, 1991, decision of the Board of Veterans' Appeals (BVA or Board) which denied entitlement to service connection for pulmonary tuberculosis (PTB), ear defect, and testicle disorder. The appellant served on active duty from June 1946 to April 1947. The claims for ear defect and testicle disorder were essentially reopened claims from prior adverse adjudications, and the claim for PTD was a new claim. The Secretary of Veterans Affairs (Secretary) has filed a motion for summary affirmance. The Court has jurisdiction of the case under 38 U.S.C. § 7252(a) (formerly § 4052(a)).

With respect to the reopened claims, the evidence regarding the ear defect and testicle disorder relates to 1965 and the present, the former being some 18 years after the appellant's discharge from service. As this evidence is not related to whether these conditions were incurred or aggravated in service, the evidence was not new and material, 38 U.S.C. § 5108 (formerly § 3008); *Colvin v. Derwinski*, 1 Vet. App. 171, 174 (1991), and these claims should not have been reopened, *Godwin v. Derwinski*, 1 Vet.App. 419, 424–25. The BVA's decision will be affirmed on this basis.

With respect to the claim for PTB, a July 27, 1990, report from Martha O. Nucum, M.D., states that the appellant's condition is a "known case of PTB since 1947." R. at 83. Other than this statement, the report only deals with appellant's present PTB condition. There is no information in the report that describes how Dr. Nucum knew that PTB was present since 1947. All of the other evidence submitted regarding PTB relates to appellant's condition either in 1965 or at present. In *Tubianosa v. Derwinski*, 3 Vet.App. 181, (1992), the Court held that "[p]ursuant to the regulatory provisions of 38 C.F.R. §§ 3.371 and 3.374, legitimately prescribed by the Secretary pursuant to and within the authority of 38 U.S.C. § 501(a)(1), VA may not grant service connection for PTB unless a claimant submits VA or service physician diagnoses, or submits the diagnoses of a private physician supported by clinical, X-ray, or laboratory studies or evidence of hospital treatment." Based on the evidence, the Board's determination that PTB was not present either during service or within the three-year presumptive period following service, 38 U.S.C. §§ 1110, 1112(a)(3) (formerly §§ 310, 312(a)(3)); 38 C.F.R. § 3.307(a)(3) (1991), cannot constitute either factual or legal error which would warrant reversal or remand. *See Gilbert v. Derwinski*, 1 Vet.App. 49 (1990).

Summary affirmance is appropriate when, as here, the issue is of relative simplicity and the outcome is not reasonably debatable. *See Frankel v. Derwinski*, 1 Vet.App. 23 (1990). The Secretary's motion is GRANTED and the decision of the BVA is AFFIRMED.