**Eldson J. McGHEE, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 91–1595.

United States Court of Veterans Appeals.

April 20, 1994.

Before NEBEKER, Chief Judge, and KRAMER, FARLEY, MANKIN, HOLDAWAY, IVERS, and STEINBERG, Judges.

### ORDER

PER CURIAM.

In a panel opinion dated August 25, 1993, the Court affirmed in part, and vacated and remanded in part, the August 15, 1991, decision of the Board of Veterans' Appeals. On September 14, 1993, appellant filed a motion for en banc review of the panel decision. On consideration thereof, it is

ORDERED that appellant's motion for en banc review is denied.

STEINBERG, Judge, concurring:

I have voted against en banc consideration because the case does not meet the Court's criteria for en banc consideration, although, for the reasons stated below, I do not agree with the Court's opinion in this case. *See* Internal Operating Procedures, V.(b) ("En banc consideration, or review of a panel decision en banc, is not favored and will be ordered where it is necessary to secure or maintain a uniformity of decision among panels, where the case involves a question of exceptional importance, or in other unusual circumstances."); *Mata v. Brown*, 4 Vet.App. 276 (1993) (per curiam order). I write separately, however, because it appears to me that there is an important issue which the Board of Veterans' Appeals (BVA or Board) did not address and which should be addressed on remand.

It seems likely that, by virtue of appellant's March 1985 Notice of Disagreement (NOD) (R. at 110) and other action, the February 1985 Veterans' Administration (now Department of Veterans Affairs) (VA) regional office (RO) decision may not have become final and thus appellant would not need to meet the heavy burden of demonstrating clear and unmistakable error (CUE)[1] in the VARO denial of his rating-percentage and effective-date claims, *see, e.g., Fugo v. Brown*, 6 Vet.App. 40, 43–44 (1993), *Russell v. Principi*, 3 Vet.App. 310, 313 (1992) (en banc). Rather, he may still be entitled to de novo review by the Board as to those claims.

Whether the 1985 RO decision is still on appeal depends on whether appellant filed a timely VA Form 1–9 Substantive Appeal (1–9 Appeal) to the BVA after he filed his NOD. *See* 38 U.S.C. § 7105(d)(3). Under 38 C.F.R.

---

1. The Court's opinion characterizes the clear and unmistakable error (CUE) claim as follows: "that the February 19, 1985, RO decision assigning a 30% rating was 'clear and unmistakable error' for failure to award a retroactive benefit from May 9, 1969. R. at 152–53." *McGhee v. Brown*, 5 Vet.App. 441, 443 (1993). However, appellant also alleged CUE in the RO decision because "the complete change in my behavior which result [sic] from [PTSD] warrants a 100% rating rather than the 30%". R. at 153. Al-

though the Board addressed and rejected this CUE claim in the decision on appeal (*Eldson J. McGhee*, BVA 91–___ (Aug. 15, 1991), at 7) and appellant seeks review of that denial (*see* Exhibit A of his Notice of Appeal), the Court did not address this CUE claim that the 30% rating assigned in the February 1985 RO decision (R. at 108) should have been greater than 30% (specifically, 100%), based on the December 1984 VA neuropsychiatric report that he had been unable since leaving prison "to maintain employment" (R. at 104).

§ 19.129(b) (1984) (now 38 C.F.R. § 20.302(b) (1993)), the 1–9 Appeal was to be filed "within 60 days from the date of mailing of the statement of the case [dated March 14, 1985, R. at 111], or within the remainder of the 1-year period from the date of mailing of the notification of the initial review and determination being appealed, whichever period ends later." *See Rowell v. Principi*, 4 Vet.App. 9, 16 (1993).

There are two theories under which there may be a valid and timely 1–9 Appeal filed in this matter. First, appellant may be entitled to have a February 21, 1986, letter from his AMVets representative (R. at 123) treated as a 1–9 Appeal. Under 38 C.F.R. § 20.302(b) (1993) and its antecedent § 19.129(b) (1984), that 1–9 Appeal was due one year after "the date of mailing [of] the letter of notification" of the RO decision. The RO decision was dated February 19, 1985, meaning that the February 21, 1986, letter would have been received one or two days late *if* the notification of the RO decision had been mailed on February 19 or 20, 1985. However, the Court has no knowledge of the regular process [2] by which ROs mail notifications of their decisions to VA claimants. Unless VA can produce a cover letter (the record on appeal (ROA) contains none), it should not be assumed that the RO notification was mailed on the day of, or the day after, the RO decision.[3] Under 38 C.F.R. § 20.202 (1993) and its § 19.123(a) (1984) predecessor, a 1–9 Appeal "must specifically identify the issues appealed" and "should set out specific arguments relating to errors of fact or law"; the section further states: "The Board will construe such arguments in a liberal manner for purposes of determining whether they raise issues on appeal". The February 21, 1986, letter stated in its entirety:

> The above captioned veteran is rated 30% SC for [PTSD]. He believes that he should be rated in excess of 30% and is submitting the attached Psychological Evaluation, from Dr. James Smith, for the purpose of reopening his claim.
>
> Please reopen the veteran's claim and rate him accordingly. Your usual kind cooperation is appreciated.

R. at 123. Under the "liberal manner" language, this document should be construed as a 1–9 Appeal if it was timely. *See EF v. Derwinski*, 1 Vet.App. 324, 326 (1991); *Myers v. Derwinski*, 1 Vet.App. 127, 129 (1991).

Alternatively, there is a "missing" April 11, 1985, letter from the veteran's AMVets representative, which in June 1991 another AMVets representative contended existed (R. at 173) even though that letter is not in the ROA, and a "missing" July 26, 1985, VA Form 1–9, which the latter representative in June 1991 contended was put in the veteran's classified "CER [sic] folder" and which also is not in the ROA. *See* R. at 174. There is also that representative's assertion in June 1991 that the veteran had filed his original compensation claim under another Social Security number (SSN). *Ibid.* The only BVA discussion of these assertions was the following:

> [The veteran] has submitted a copy of VA Form 1–9, dated July 26, 1985. This document was received on December 3, 1990. It is contended that the originating agency lost or misfiled the original document, but this is not shown by available information. Even if the document had been timely received, the veteran did not respond to subsequent originating agency actions, the last being in September 1987 which confirmed a 30 percent evaluation.

*Eldson J. McGhee*, BVA 91-___ (Aug. 15, 1991), at 5–6. The BVA was mistaken in its assertion about abandonment based on the appellant's failure to respond. Pursuant to 38 C.F.R. § 20.202 (1993) (substantively iden-

**2.** *Cf. Ashley v. Derwinski*, 2 Vet.App. 62, 64 (1992) ("The presumption of regularity supports the official acts of public officers and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." (quoting *United States v. Chemical Foundation, Inc.*, 272 U.S. 1, 14–15, 47 S.Ct. 1, 6, 71 L.Ed. 131 (1926))).

**3.** *Cf. Rosler v. Derwinski*, 1 Vet.App. 241, 242 (1991) (notice of BVA decisions processed prior to August 31, 1990, had been mailed on day after date shown on decision); *Bosmay v. Derwinski*, 2 Vet.App. 306, 307 (1992) (declaration of Charles Cragin, Chairman of BVA, to the effect that BVA decisions processed prior to January 16, 1992, had been mailed on day after date shown on decision).

tical to 38 C.F.R. § 19.123(a) (1984)), "[p]roper completion and filing of a Substantive Appeal are the last actions the appellant needs to take to perfect an appeal". *See Hamilton v. Brown,* 4 Vet.App. 528, 542 (1993) (en banc) (as to appellant Contreras; RO cannot require actions other than timely filing of NOD and 1–9 Appeal to perfect appeal to BVA). Also, 38 C.F.R. § 20.204(c) (1993) and its predecessor, 38 C.F.R. § 19.-125(c) (1984), provide that a VA claimant cannot be held to have abandoned an appeal, once perfected, to the BVA; only the claimant or representative may withdraw an appeal to the Board.

Hence, the RO in February 1990 may have erroneously informed the veteran that the February 1985 RO decision (R. at 151) had become final on the ground that no 1–9 Appeal had been received as to it within a year after notification to him of that decision. R. at 152–53; R. at 173–74. The BVA did not indicate what, if any, steps were taken to locate a "CER folder" or to search under the other SSN; whether, if an April 11, 1985, AMVets letter were located, it was a valid 1–9 Appeal; or whether the February 21, 1986, AMVets letter was a valid and timely 1–9 Appeal.

These issues should be appropriately examined on remand.