**Florencio P. LANAO, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 95–388.

United States Court of Veterans Appeals.

Nov. 16, 1995.

Before NEBEKER, Chief Judge, and KRAMER and STEINBERG, Judges.

## ORDER

PER CURIAM.

On March 16, 1995, the appellant filed a Notice of Appeal (NOA) from a November 10, 1994, Board of Veterans' Appeals (BVA) decision. The Secretary has filed a motion to dismiss for lack of jurisdiction. In support of the motion to dismiss, the Secretary points out that the NOA was filed when it was received by the Court 126 days after the BVA decision was mailed. The Secretary states that, because the NOA was deposited in the Philippine mail, the appellant does not get the benefit of the statutory mailbox rule. Veterans' Benefits Improvement Act of 1994, Pub.L. No. 103–446, § 511, 108 Stat. 4645, 4670 (1994) (NOA deemed received by Court on date of legible postmark, affixed by U.S. Postal Service); U.S. Vet.App.R. 4(a) (amended by order Nov. 7, 1994). The envelope in which the appellant mailed his NOA is in the Court's case file; it bears a Philippine stamp and a Philippine postmark of March 8, 1995, but has no legible U.S. Postal Service postmark. The Secretary further avers that the appellant had no authorized representative, but rather appeared before the BVA pro se, so mailing to a representative is not at issue. See 38 U.S.C. § 7104(e).

In response to the Court's order that the appellant show cause why this appeal should not be dismissed for lack of jurisdiction, the appellant has filed a statement requesting the Court to review his appeal, but he does not address the issue of jurisdiction.

The ultimate burden of establishing jurisdiction rests with the appellant. See McNutt v. G.M.A.C., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); Bethea v. Derwinski, 2 Vet.App. 252 (1992). To be timely under Rule 4 of this Court's Rules of Practice and Procedure and precedents construing 38 U.S.C. § 7266(a), an NOA must be filed with the Court within 120 days after notice of the BVA decision is mailed to an appellant. See Butler v. Derwinski, 960 F.2d 139 (Fed.Cir.1992); Public Law No. 103–446, § 511 (1994). This Court's appellate jurisdiction derives exclusively from the statutory grant of authority provided by Congress, and the Court may not extend its jurisdiction beyond that permitted by law. See Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 818, 108 S.Ct. 2166, 2178–79, 100 L.Ed.2d 811 (1988); see also Prenzler v. Derwinski, 928 F.2d 392 (Fed.Cir.1991); Skinner v. Derwinski, 1 Vet.App. 2 (1990).

On consideration of the foregoing, it is

ORDERED that the Secretary's motion is granted and this appeal is DISMISSED for lack of jurisdiction.