**Gayamo PANIAG, Appellant,**

v.

**Togo D. WEST, Jr., Acting Secretary of Veterans Affairs, Appellee.**

**No. 95–728.**

United States Court of Veterans Appeals.

Feb. 10, 1998.

Before NEBEKER, Chief Judge, and KRAMER, FARLEY, HOLDAWAY, IVERS, STEINBERG, and GREENE, Judges.

## ORDER

PER CURIAM:

On June 11, 1997, counsel for the appellant filed a motion for panel reconsideration or, in the alternative, review en banc. On July 14, 1997, a judge of the Court requested en banc review. On July 30, 1997, a panel of the Court denied the appellant's motion for reconsideration.

Upon consideration of the foregoing, and the record on appeal, and it not appearing that review en banc is necessary either to address a question of exceptional importance to the administration of laws affecting veterans benefits or to secure or maintain uniformity of the Court's decisions, it is

ORDERED that en banc review is DENIED.

STEINBERG, Judge, dissenting:

I voted for en banc review of this case because I believe that the process followed in dismissing the appeal in a case such as this presents a matter of sufficient importance in the administration of veterans' benefits programs to warrant en banc consideration. *See* U.S. VET. APP. R. 35(c)

On May 21, 1997, the Court dismissed the appeal for want of a timely filed Notice of Appeal (NOA) and thus a lack of jurisdiction. *Paniag v. Brown*, 10 Vet.App. 265 (1997). On June 11, 1997, the appellant moved for panel reconsideration or, in the alternative, for en banc review. On July 30, 1997, the panel issued an order denying reconsideration. *Paniag v. Gober*, 10 Vet.App. 359 (1997) (per curiam order).

The initial dismissal was premised on the NOA's not having been timely filed under 38 U.S.C. § 7266(a), which requires that an NOA be filed with this Court within 120 days after mailing of notice of the Board of Veterans' Appeals (BVA or Board) decision [hereinafter NOA-filing period]. Here, it is undisputed that the NOA was filed on August 1, 1995, well over 120 days after the May 2, 1994, BVA decision was presumed to have been mailed. To have been timely filed under 38 U.S.C. § 7266(a) and Rule 4 of this Court's Rules of Practice and Procedure, an NOA must have been actually received by the Court (or, in certain circumstances, deemed so received) within 120 days after notice of the BVA decision was mailed to an appellant. *See Butler v. Derwinski*, 960 F.2d 139, 140–41 (Fed.Cir.1992). The question addressed in the Court's May 21, 1997, opinion in this case was whether or not a copy of the BVA decision was properly mailed to the veteran's representative in accordance with 38 U.S.C. § 7104(e). I agree with the Court's decision, 10 Vet.App. at 268, that the appellant did not designate the local Philippines Office of the America Legion in block 3 of the Department of Veterans Affairs (VA) Form 23–22 and that the mailing to the Legion's Washington, D.C., BVA appeals office was an adequate mailing to the veteran's representative. *See Hill v. Brown*, 9 Vet. App. 246, 252 (1996); *see also Stokes v. Derwinski*, 1 Vet.App. 201, 203–04 (1991) (Court must determine jurisdictional facts).

The appellant's June 11, 1997, motion for reconsideration/review, however, points out

two matters that the Court had not addressed in its May 21, 1997, opinion dismissing the appeal: (1) That the NOA was "filed" within 120 days after the appellant's second motion for BVA reconsideration was denied on May 5, 1995; or (2) alternatively, that that motion for reconsideration was actually received by the BVA on or before the 120th day. I believe that at the time the appellant filed his June 11, 1997, motion those two issues merited reconsideration and the vacating of the Court's initial decision to dismiss this appeal. However, the Court's July 30, 1997, order denying reconsideration also did not address those issues.

*1. Application of Postmark Rule.* At the time that this motion was filed, a panel was considering *Linville v. Brown,* No. 97–66, and was prepared to issue an opinion, in reliance on *Rosler v. Derwinski,* 1 Vet.App. 241, 249 (1991), that would have applied the *Rosler* tolling doctrine—that holds that the filing with the Board of a motion for BVA

reconsideration within the NOA-filing period abates the finality of the underlying BVA decision and thereby tolls the NOA-filing period—in order to determine the date that the motion for BVA reconsideration was filed with the BVA by applying the postmark rule enacted in 38 U.S.C. § 7266(a) for filing NOAs with this Court.[1] At that time, I believed that the instant case might benefit from such a holding in *Linville.*[2] However, the en banc Court intervened, and *Linville* has now been decided by a 5–2 vote contrary to the panel's position there. *Linville v. West,* 11 Vet.App. 60 (1998) (en banc). *But see id.* at 64 (Kramer and Steinberg, JJ., dissenting opinions). Hence, this first ground would provide no possible relief for the appellant here because the Court in *Linville* has decided that it must deny the benefit of a postmark rule to VA claimants who first seek reconsideration from the BVA before filing an appeal with this Court.

1. I recognize that the appellant here apparently resides in the Philippines and that 38 U.S.C. § 7266(a) applies only to U.S. Postal Service postmarks. *See Lanao v. Brown,* 8 Vet.App. 361, 362 (1995) (per curiam order). However, I have reviewed appeals in which communications from appellants residing in the Philippines are mailed within the United States—for example, because that is where the appellant's representative or relative resides—or for some other reason bear U.S. postmarks. Hence, without having the envelope in which this appellant's motion for reconsideration was mailed, the Court cannot know whether or not section 7266(a) would afford him relief were it applied.

The facts of this case demonstrate the inequity of the operation of the postmark rule in 38 U.S.C. § 7266(a). Here, where the motion was received by the Board of Veterans' Appeals (BVA or Board) not later than the 121st day, there can be no doubt that the motion was mailed (from outside Washington, D.C., here the Philippines) on the 120th day or earlier unless there is evidence that the motion was hand-delivered prior to 7:33 a.m. on the 121st day (the time of the BVA date-stamp). In such a situation, although there is not a U.S. Postal Service postmark on the envelope containing a motion for BVA reconsideration, where the receipt date-stamp shows that mailing must have occurred within the 120-day Notice of Appeal filing period, it would seem that the purpose of the postmark rule—to give appellants residing long distances from Washington, D.C., more equivalent opportunities to file appeals in this Court, *see Linville v. West,* 11 Vet.App. 60, 65 (1998) (en banc) (Steinberg, J., dissenting)—would be served by a legislative

modification of section 7266(a) to extend a measure of relief to appellants mailing pleadings from outside the United States. *Cf.* 38 C.F.R. § 20.305(a) (1997) (Board applies postmark rule to any written document required by BVA Rules to "be filed within a specified period of time", and where there is no postmark of record, "the postmark date will be presumed to be five days prior to the date of receipt of the document by the Department of Veterans Affairs").

2. In the instant case, no postmarked envelope has been provided by the Secretary (as he did in *Linville,* 11 Vet.App. at 66–67 (Steinberg, J., dissenting)). Indeed, the appellant points out that the "actual postmark date cannot be ascertained in this case because there is no designation of the record [at this point] and because the claims file has already been returned to the Manila Regional Office." Motion at 3. Hence, had *Linville* been decided otherwise, it was my position that in a case such as *Paniag,* where no envelope is provided, the Court should issue an order to determine whether the BVA has the envelope or (as it did in *Linville, supra*) a copy of it. In making a determination as to whether the motion for remand was "mailed" within the 38 U.S.C. § 7266(a) NOA-filing period, the Court has authority to find jurisdictional facts and to do so even though those facts are not in the record on appeal. *See Stokes v. Derwinski,* 1 Vet.App. 201, 203–04 (1991) ("[t]his appeal presents an example where facts which had not been before the BVA … were crucial to the proper determination of whether this Court has jurisdiction over the veteran's appeal").

*2. Actual Receipt.* However, there is also an actual-receipt issue that was not addressed by the Court here. It is undisputed that, as noted above, the motion for reconsideration was date-stamped by the BVA as received at 7:33 a.m. on the 121st day. This case illustrates the difficulties that the Court's ill-conceived holding in *Linville* creates. Under *Linville* and the result of this case, a particular VA claimant's right to judicial·review will turn on a BVA date-stamp system that the facts of *Linville*, where the motion was date-stamped as received by the BVA 30 days after the postmark date, *Linville*, 11 Vet.App. at 62, and the Court's experience with the date-stamps on the face of BVA decisions—in terms of whether they denote the actual date of mailing thereof[3]— suggest is not very accurate. The BVA has no reason to maintain an accurate date-stamp system as to motions for reconsideration because, as I pointed out in my dissent in *Linville*, the date of BVA's receipt of such a motion has no particular relevance under VA or BVA adjudication rules. *See Linville*, 11 Vet.App. at 64–65 (Steinberg, J., dissenting); 38 C.F.R. § 20.1001(b), (c) (1997) (motion for BVA reconsideration "may be filed at any time"; rule for BVA disposition of motion sets no time period after filing within which motion must be decided). This is significant because until the BVA took special steps to ensure its accuracy, the date-stamp system that the BVA had used to date its decisions was not uniformly accurate.[4]

Until it is determined by the Court that there is a *regular* system of punctual date-stamping employed by the BVA as to its time of receipt of motions for reconsideration, no presumption of regularity, *see Hill*, 9 Vet. App. at 249; *Ashley v. Derwinski*, 2 Vet.App. 307, 308–09 (1992), should be attached to such a BVA date-stamp; moreover, even if it is determined after appropriate record development that such a presumption should exist as to BVA's date-stamping, any such pre-

sumption may be overcome by clear evidence to the contrary, *see ibid.*, which might be present here. Accordingly, in light of the *Linville* date-stamp that was 30 days after the postmark date, and in light of the Court's experience with the inaccuracy of the date stamped on BVA decisions in terms of denoting the actual date of mailing of those decisions,[5] the Court should require the Secretary to submit a BVA affidavit as to (1) the BVA practice then and now regarding affixing the date-stamp to motions for reconsideration; (2) the extent to which that stamp accurately reflects the date of actual receipt by the BVA; and (3) what a 7:33 a.m. stamp on August 31, 1994, means as to whether the BVA's actual receipt occurred on that date. Such an order to provide evidence to assist the Court in determining its jurisdiction, *see Stokes, supra*, would parallel individual orders, issued in many cases—involving questions about the Court's jurisdiction in terms of the timeliness of an NOA—that the Secretary provide documentation as to mailings of BVA decisions under 38 U.S.C. § 7104(e). *See, e.g., Hill*, 9 Vet.App. at 247; *Davis v. Brown*, 7 Vet.App. 298, 299 (1994); *Trammell v. Brown*, 6 Vet.App. 181, 182 (1994).

*3. Conclusion.* For the foregoing reasons, I do not believe that the Court should have dismissed this appeal on the assumption of the accuracy of the date-stamp affixed by the BVA to motions for BVA reconsideration. Rather, the Court should, in the exercise of its jurisdictional-fact-finding function under *Stokes, supra*, make a determination on that question and the meaning of the 7:33 a.m. date-stamp in this case by developing an appropriate record from which to make such determinations, just as the Court has routinely done as to the date of mailing of BVA decisions.

---

**3.** *See Rosler v. Derwinski*, 1 Vet.App. 241, 242 (1991) (noting that Court has adopted *next*-day-mailing rule for BVA decisions dated prior to August 31, 1990); *see also McGhee v. Brown*, 6 Vet.App. 414, 415 n. 3 (1994) (Steinberg, J., concurring); *Bosmay v. Derwinski*, 2 Vet.App. 306 (1992) (single-judge order designated for publication, extending that rule to BVA decisions

dated prior to January 16, 1992); *Sandine v. Derwinski*, 1 Vet.App. 26 (1990) (single-judge memorandum).

**4.** *See supra* note 3.

**5.** *See supra* note 3.