Richard A. LINVILLE, Appellant,

v.

Togo D. WEST, Jr., Acting Secretary of Veterans Affairs, Appellee.

No. 97–66.

United States Court of Veterans Appeals.

April 21, 1998.

Before NEBEKER, Chief Judge, and KRAMER, FARLEY, HOLDAWAY, IVERS, STEINBERG, and GREENE, Judges.

## ORDER

PER CURIAM.

On March 4, 1998, counsel for the appellant filed a motion for recall of the Court's judgment. On that same date, the Court received the appellant's motion for reconsideration by the full Court.

Upon consideration of the foregoing and the record on appeal, and it not appearing that full Court reconsideration is necessary either to address a question of exceptional importance to the administration of laws affecting veterans' benefits or to secure or

maintain uniformity of the Court's decisions, it is

ORDERED that the appellant's motions for recall of judgment and for reconsideration by the full Court are DENIED. The motions having been denied, the Court's entry of judgment remains undisturbed.

STEINBERG, Judge, concurring:

I vote to deny en banc reconsideration. First, the appellant has presented his case in piecemeal fashion.[1] "Advancing different arguments at successive stages of the appellate process does not serve the interests of the parties or the Court. Such a practice hinders the decision-making process and raises the undesirable specter of piecemeal litigation." *Fugere v. Derwinski*, 1 Vet.App. 103, 105 (1990), *aff'd*, 972 F.2d 331 (Fed.Cir.1992); *see also Tubianosa v. Derwinski*, 3 Vet.App. 181, 184 (1992). The appellant "should have developed and presented *all* of his arguments in his initial pleading". *Tubianosa*, 3 Vet. App. at 184.

Moreover, the evidence belatedly produced by the appellant, an ambiguous document that represents itself as being an intra-Board of Veterans' Appeals (Board or BVA) computer message, does not demonstrate that the motion for BVA reconsideration was not received by the Board on July 19, 1996. It merely shows great confusion about the genesis of the July 19, 1996, date stamp on the envelope and back of the motion. This ambiguous document could hardly be the kind of "clear evidence to the effect that the BVA's 'regular' ... practices are not regular or that they were not followed", evidence that an appellant must normally submit in order to deprive the Secretary of the benefit of the presumption of regularity that attaches to the actions of public officials and thereby shift to the Secretary the burden of establishing that the regular action occurred. *Ashley v. Derwinski*, 2 Vet.App. 307, 309 (1992); *see also Hill v. Brown*, 9 Vet.App. 246, 249 (1996); *Davis v. Brown*, 7 Vet.App. 298, 300 (1994).

However, this belatedly submitted evidence does help to illustrate the serious practical problems that seem to attend whatever is the BVA date-stamping process for receipt by the BVA of motions for BVA reconsideration. *See Paniag v. West*, 11 Vet.App. 19, 20–21 (1998) (en banc order) (Steinberg, J., dissenting). As I discussed in my dissent to the denial of en banc consideration in *Paniag*, the irregularity of that process that appears to be emerging from the fragmentary evidence that the Court has received in various cases suggests that no presumption of regularity, *see Hill* and *Ashley*, both *supra*, should attach to such a BVA date-stamp "[u]ntil it is determined by the Court that there is a ***regular*** system of punctual date-stamping employed by the BVA as to the time of receipt of motions for reconsideration". *Id.* at 21. Furthermore, in light of the additional evidence provided in the instant matter suggesting confusion within the Department of Veterans Affairs concerning date-stamps and in light of the Court's experience more generally with the discontinuity between the date stamped on BVA decisions and the date of mailing of those decisions, I reiterate my position in *Paniag* that the cumulation of learning that the Court has acquired from these cases strongly suggests that the Court, as a prudential matter, "should require the Secretary to submit a BVA affidavit as to (1) the BVA practice then and now regarding affixing the date-stamp to motions for reconsideration; (2) the extent to which that stamp accurately reflects the date of actual receipt by the BVA"; and (3) in this case, what the evidence signifies as to when the BVA actually received the motion. *Ibid.*

---

1. In my dissenting statement to the Court's February 3, 1998, opinion concluding that the appellant had not filed a timely Notice of Appeal to this Court, I concluded that "[t]here is no viable basis for distinguishing between the Court's application of the *Rosler* [*v. Derwinski*, 1 Vet.App. 241, 249 (1991)] tolling doctrine to the filing with the Court of a Notice of Appeal ... and the application of that doctrine to the filing with the Board of Veterans' Appeals (BVA ... ) of a motion for BVA reconsideration". *Linville v. West*, 11 Vet.App. 60, 65 (1998).