Gary F. LYNCH, Appellant,

v.

Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.

No. 95–1100.

United States Court of Appeals for Veterans Claims.

April 1, 1999.

Before KRAMER, HOLDAWAY, and STEINBERG, Judges.

**ORDER**

PER CURIAM:

In an earlier opinion, *Lynch v. Gober,* 11 Vet.App. 22 (1997) (*Lynch I*), after oral argument on March 27, 1997, we affirmed an October 19, 1995, Board of Veterans' Appeals (Board or BVA) decision that a Department of Veterans Affairs (VA) regional office (RO) decision dated July 14, 1983, had not contained clear and unmistakable error (CUE). The veteran had asserted that the VARO in 1983 had been in receipt of an April 1983 medical examination report under the doctrine of constructive notice set forth in *Bell v. Derwinski,* 2 Vet.App. 611, 613 (1992). As part of our opinion, we held as follows:

> [T]he appellant's contention that the RO had constructive notice of the April 1983 medical examination report at the time of its July 1983 decision is barred by the Court's decision in *Damrel* [*v. Brown,* 6 Vet.App. 242 (1994)], barring retroactive application of *Bell, supra,* as well as by the Court's [other] conclusions ... that the doctrine of constructive notice was not ensconced in VA law prior to or absent this Court's decision in *Bell.*

*Lynch I,* 11 Vet.App. at 29. The veteran then appealed to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), where he "contend[ed] that the 1983 [medical] report should be considered 'on file' with [VA] not under *Bell,* but under 38 C.F.R. § 3.104(a) (1998)[,] and therefore [was] part of the record before the RO when it made its [1983] decision." *Lynch v. West,* 178 F.3d 1312, No. 98–7039, slip op. at 4 (Fed.Cir. Dec. 29, 1998) (*Lynch II* ).

Subsequently, on December 29, 1998, the Federal Circuit vacated *Lynch I* and remanded the matter to this Court in *Lynch II, supra.* The Federal Circuit stated that it could not determine, based on *Lynch I,* whether this Court had "implicitly relied on [38 C.F.R. § ]3.104." *Lynch II,* 178 F.3d 1312, slip op. at 5–6. Further, the Federal Circuit apparently reasoned that, because the Federal Circuit's "jurisdiction is strictly limited to [U.S. Court of Appeals for Veterans Claims] decisions made 'with respect to the validity of any statute or regulation ... or any interpretation thereof'", it could not assume jurisdiction over the 38 C.F.R. § 3.104–based arguments if this Court did not rely on § 3.104. *Lynch II,* 178 F.3d 1312, slip op. at 5 (quoting 38 U.S.C. § 7292(a)). Hence, the Federal Circuit held that "[b]ecause we cannot confidently determine whether we have jurisdiction, we seek clarification from the [Court of Appeals for Veterans Claims] as to whether it relied on an interpretation of [38 C.F.R. § ]3.104 in coming to its conclusion." *Lynch II,* 178 F.3d 1312, slip op. at 7.

Today, in answer to the Federal Circuit, we state definitively that 38 C.F.R. § 3.104 did not, either implicitly or explicitly, enter into the original analysis set forth in *Lynch I.*

Further, the Court is not inclined to accept the Federal Circuit's suggestion "to allow supplemental briefing to address the issue of the proper interpretation of [38 C.F.R. § ]3.104". *Lynch II,* 178 F.3d 1312, slip op. at 6. Both this Court and the Federal Circuit have repeatedly discouraged appellants from raising arguments to this Court that have not

been presented to the BVA and/or that were not argued in the appellant's initial brief to this Court. *See, e.g., Carbino v. West,* 168 F.3d 32, 34 (Fed.Cir.1999) ("improper or late presentation of an issue or argument [i.e., raised in the reply brief for the first time] ... ordinarily should not be considered"); *Ledford v. West,* 136 F.3d 776, 781 (Fed.Cir. 1998) (stressing importance of raising arguments to BVA pursuant to "doctrine of exhaustion of administrative remedies"); *Ford v. Gober,* 10 Vet.App. 531, 535–36 (1997) (Court considers appellant to have abandoned claims properly appealed to this Court when appellant fails to "address[ those claims] in his formal pleadings"); *Carbino v. Gober,* 10 Vet.App. 507, 511 (1997) (declining to review argument first raised in appellant's reply brief), *aff'd sub nom. Carbino v. West, supra; Savage v. Gober,* 10 Vet.App. 488, 498 (1997) (Court declines to review matter first raised by amicus curiae subsequent to appellant's motion for panel review); *Horowitz v. Brown,* 5 Vet.App. 217, 225 (1993) (holding that because veteran had never before submitted "due process" issue to BVA he had not exhausted his administrative remedies, and Court declined to address merits of that claim); *Tubianosa v. Derwinski,* 3 Vet.App. 181, 184 (1992) (appellant "should have developed and presented *all* of his arguments in his initial pleading"); *Fugere v. Derwinski,* 1 Vet.App. 103, 105 (1990) ("Advancing different arguments at successive stages of the appellate process does not serve the interests of the parties or the Court. Such a practice hinders the decision-making process and raises the undesirable specter of piecemeal litigation."), *aff'd,* 972 F.2d 331 (Fed.Cir. 1992); *cf. Gilbert v. Derwinski,* 1 Vet.App. 61, 63 (1991) (per curiam) (Nebeker, C.J., concurring) ("That we considered the arguments belatedly raised by the Secretary in *Fugere* is best characterized as the exception rather than the rule.").

The arguments against addressing the late-presented argument in this case appear particularly strong because the appellant presented his 38 C.F.R. § 3.104–based arguments neither to the BVA in 1995 nor to this Court on appeal from the October 1995 BVA decision; he did not even choose to present his arguments in a motion for reconsideration by this Court. *But see Linville v. West,* 11 Vet.App. 172, 173 (1998) (per curiam order) (Steinberg, J., dissenting) (noting with disapproval presentation of argument for first time in motion for reconsideration). Furthermore, the appellant was afforded supplemental briefing to this Court and did not raise his § 3.140(b)-based arguments.

Finally, Rule 28(g) of the Court's Rules of Practice and Procedure (Rules) provides: "When pertinent and significant authorities come to the attention of a party after the party's brief has been filed or after oral argument but before the decision, a party shall promptly advise the Clerk, by letter, with a copy to all other parties, setting forth the citations." U.S. Vet.App. R. 28(g). The appellant, however, did not avail himself of a supplemental-authority filing under Rule 28(g) as to this matter, although he was put on notice about that rule and such filings by the Secretary's having filed a notice of supplemental authority on March 24, 1997, on a different matter. Instead, the appellant first presented his 38 C.F.R. § 3.104(b)-based argument on appeal to the Federal Circuit. To permit such piecemeal litigation would appear to undermine the finality of the Court's decisions by enabling an appellant to present arguments long after the Court's decision has been rendered and, further, would appear to countenance the presentation of arguments first to the Federal Circuit, all of which run counter to the well-established rules and precedents of this Court and of the Federal Circuit, cited and discussed above. Moreover, it may be permissible for the appellant to bring a claim based on clear and unmistakable error (CUE) premised on 38 C.F.R. § 3.104 on the ground that that matter has not been decided by this case. *See Link v. West,* 12 Vet.App. 39, 44 (1998) (principle of res judicata applies to final decision on issue of CUE and " 'that particular claim of [CUE] may not be raised again' " (citing *Russell v. Principi,* 3 Vet.App. 310, 315 (1992) (en banc))); *Norris v. West,* 11 Vet.App. 219, 224 (1998) (" '[o]nce there is a final decision *on a particular claim* of CUE, *that particular claim* of CUE may not be raised again; it is res judicata' " (quoting *Olson v. Brown,* 5

Vet.App. 430, 433 (1993))). The Court does not address that question here.

On consideration of the foregoing, it is

ORDERED that, not later than 30 days after the date of this order, the appellant show cause why the Court should make an exception to allow supplemental briefing regarding 38 C.F.R. § 3.104 at this late stage in this proceeding.