29 F.3d 645
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Frank J. LINEBERGER, Sr., Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Appellee.
 No. 94-7029.
 United States Court of Appeals, Federal Circuit.
 June 13, 1994.
 
 Before RICH, Circuit Judge, SKELTON, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 SKELTON, Senior Circuit Judge.
 
 
 1
 The appellant, Frank J. Lineberger, Sr., acting pro se, appeals the August 3, 1993, decision of the Court of Veterans Appeals (CVA) in Frank J. Lineberger, Sr. v. Jesse Brown, Secretary of Veterans Affairs, 5 Vet.App. 367 (1993). In that decision the CVA affirmed in part and vacated in part a July 30, 1991 decision of the Board of Veterans Appeals (BVA), and remanded the case to the BVA for additional findings of fact relating to certain alleged service-connected disability claims of the appellant. We conclude for reasons stated below that this court does not have jurisdiction of appellant's appeal, and it is dismissed.
 
 DISCUSSION
 
 2
 In its July 30, 1991 decision, the BVA denied a number of appellant's claims, including service connection for a skin condition and arthritis of the knees and spine; an increased rating for traumatic arthritis of the right elbow, right shoulder and neck; and the issuance of a certificate of eligibility for financial assistance in acquiring specially adapted housing or for a special home adaptation grant. On appeal to the CVA, that court on August 3, 1993, affirmed the portion of the BVA's decision which denied appellant's claims for a service connection for arthritis of the knees and spine, and which denied a certificate of eligibility for financial assistance in acquiring specially adapted housing, but vacated and remanded the remainder of the BVA's decision for additional findings of fact. Also, the appellant was granted permission to introduce additional medical evidence on the remand.
 
 
 3
 The appellant appealed to this court on December 6, 1993. On February 21, 1994, the appellant, being dissatisfied at not having received a prompt decision from the BVA on the remand, filed a "motion to compel" in this court asking the court to order the BVA to issue its decision. This court denied appellant's motion by order dated March 24, 1994, in which we stated:
 
 
 4
 The only portion of the Court of Veterans Appeals' decision that is final and appealable is the portion that affirmed the Board of Veterans Appeals' decision. See Travelstead v. Derwinski, 978 F.2d, 1244, 1248 (Fed.Cir.1992). Thus, that is all that is before this court. The remanded portion of the case is now separate from the case on appeal.
 
 
 5
 * * *
 
 
 6
 * * *
 
 
 7
 With regard to Lineberger's motion to compel, this court is without jurisdiction to compel the Board to issue a decision on claims remanded by the Court of Veterans Appeals.
 
 
 8
 We allowed the appellant to file his brief out of time in his appeal to this court, and the case is now before us for decision.
 
 
 9
 This court's jurisdiction to review decisions of the CVA is governed by 38 U.S.C. Sec. 7292. Section 7292(a) of that statute authorizes the court to review a CVA decision "with respect to the validity of any statute or regulation ... or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the court in making the decision." See Fugere v. Derwinski, 972 F.2d 331 (Fed.Cir. (1992). Also, the statute limits review of CVA appeals as follows:
 
 
 10
 Except to the extent that an appeal ... presents a constitutional issue, the Court of Appeals may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.
 
 
 11
 38 U.S.C. Sec. 7292(d)(e) (emphasis added). Section 7292(d)(1) provides that this court may review a CVA decision and
 
 
 12
 hold unlawful and set aside any regulation of any interpretation thereof (other than a determination as to a factual matter) that was relied upon in the decision of the [CVA] that [is] (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right; ... (C) in excess of statutory jurisdiction; ... or (D) without observance of procedure required by law.
 
 
 13
 (emphasis added).
 
 
 14
 It is clear from these provisions of 38 U.S.C. Sec. 7292 that this court does not have jurisdiction to review appellant's challenge to the factual determinations of the CVA relating to the issues before this court. The only exception provided by the statute is that the court may review the appeal of a CVA decision to the extent that the appeal presents a constitutional issue. We now consider whether such an issue is present in this case.
 
 
 15
 In the informal brief of appellant, he attempts with rambling and vague allegations to inject a constitutional issue into this appeal. All that we can make of his allegations, mostly by inference, is that he was deprived of a property interest by the government without a hearing, and that this was a violation of the due process clause of the Fifth Amendment, and that the CVA did not decide "this constitutional issue" in its opinion. Nowhere in his brief does appellant allege that he asked for a hearing nor that he was denied a hearing.
 
 
 16
 On May 1, 1990, when appellant appealed to the BVA, he filed VA Form 1-9, labeled "Appeal to Board of Veterans Appeal" on which he marked boxes 9a and 9b indicating that he wished to be present at a hearing at a VA field office. He included four pages of handwritten argument on the form about his disabilities. On September 12, 1990, he filed a revised and amended VA Form 1-9 on which he included six pages of handwritten argument regarding his claimed disabilities. He did not mark boxes 9a and 9b on this form to indicate that he wished to be present at a hearing. However, he did mark box 7a on this form which stated that he did not wish to appear personally at a hearing. On February 8, 1991, the Regional Office of the Department of Veterans Affairs notified appellant by mail that his appeal was being certified to the BVA in Washington, D.C., and advised him that if he would like a hearing, but had not requested one, he must submit his request within 90 days of the date of the letter, or before the date the Board issues a decision. The appellant did not respond to this letter and did not indicate in any way that he wanted a hearing. It is clear from these facts that he had decided to have the BVA consider his appeal on the record without a personal hearing
 
 
 17
 As a matter of fact, appellant did receive an informal hearing before the BVA. Such hearings are granted by the BVA where the appellant cannot, or does not wish to, appear. In this case the Disabled American Veterans (DAV) was appellant's accredited representative, and a Mr. A.W. Clutter of the DVA presented oral arguments on March 19, 1991, to the BVA on behalf of appellant and his disability claims. These arguments were presented on an audio cassette which was transcribed for review by the members of the BVA.
 
 
 18
 We conclude that there is no constitutional issue in this case. Accordingly, we do not have jurisdiction of appellant's appeal, and it is dismissed.
 
 
 19
 Of course, appellant may participate in further proceedings before the BVA on the issues that were remanded by the CVA.
 
 
 20
 Costs against appellant.