Jasper BOGGS, Jr., Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 96–1624.

United States Court of Veterans Appeals.

June 23, 1997.

Before NEBEKER, Chief Judge, and FARLEY and IVERS, Judges.

## ORDER

PER CURIAM.

On May 1, 1997, the appellant, through counsel, filed a motion to compel the production of the Board of Veterans' Appeals (Board or BVA) Certified List prior to the transmission of the Record on Appeal (ROA) under Rule 11 of the Court's Rules of Practice and Procedure. The "Certified List" is a document prepared by the Board after the case has been decided by the Board and a Notice of Appeal is filed with the Court, which declares itself to be an inclusive listing of evidence and material of record deemed relevant to the adjudication of the issue(s) set forth in the Board's decision. The appellant asserts that he has made several requests for this document from the VA General Counsel and that he intends to use this document in preparing his counter-designation of the record pursuant to Rule 10(b) of this Court's Rules of Practice and Procedure.

The Secretary has opposed the release of the document at this stage in the proceedings, stating that the document, prepared subsequent to the Board's decision, is not part of the record of proceedings before the Secretary or the BVA and would not ordinarily be subject to inclusion in the ROA. The Secretary observes that a more practical means of verifying the documents in the record on appeal exists for the appellant, namely the submission of a Freedom of Information Act (FOIA) request for the entire VA claims file. Further, the Secretary apparently concedes that the appellant is free to counter-designate the certified list for inclu-sion in the final ROA and notes that any discrepancies between the record and the certified list may be cured by a motion to supplement the record at a later date. Finally, the Secretary argues that there is no statutory, regulatory or jurisprudential requirement for the Secretary to produce this document prior to the transmission of the ROA.

The Court notes that the document which has generated this collateral litigation is simply a "certified" list of evidence and material which the Board considered relevant to the adjudication of the issue(s) before it, nothing more, nothing less. In addition, the Court would note that this document does appear to be relevant to both the appellant's task of counter designating material for inclusion in the record and the Court's task of appellate review. Having said that, the Court reluctantly makes the following observations. While presenting a compelling argument, the appellant has nonetheless failed to provide any authority to support the proposition that this Court has the authority to order production of the certified list prior to transmission of the ROA. As the Secretary has conceded, the entire VA claims file is available to the appellant and his representative pursuant to FOIA. Further, the appellant is free to counter-designate the certified list for inclusion in the ROA and there is every indication that such a counter-designation by the appellant will prove successful. *Burrell v. Brown,* 9 Vet.App. 265 (1996). Finally, should the appellant note discrepancies between the ROA and the certified list, the appellant can move to supplement to ROA.

Notwithstanding the above comments, the Court would further observe that this Court has always attempted to encourage and facilitate the expeditious and efficient resolution of cases before it. The resolution of this issue championed by the Secretary appears counterproductive to this end. The Court sees no point in needlessly extending the resolution of ROA issues in this manner. Simply because there is no requirement to provide the certified list to the appellant prior to the transmission of the ROA does not mean it should not be done. However, while the Secretary's position before this

Court is unfortunate and counterproductive, the Court cannot mandate civility, good sense and compromise where it does not otherwise exist. Further, the Court cannot mandate the Secretary to spend litigation resources wisely. We can only recommend it. Finally, the parties should be aware that conduct such as this will be taken into account should the Court be called upon to adjudicate any future claim to fees and expenses under the Equal Access to Justice Act (28 U.S.C. § 2412). Upon consideration of the foregoing, it is

ORDERED that the appellant's motion to compel production of the certified list prior to the transmission of the ROA is DENIED.