KASOLD, Judge:
Before the Court is veteran Alfred W. Vahey’s June 30, 2005, application pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA), for an award of attorney fees and expenses in the amount of $864.00. The Secretary has filed a response in which he argues that Mr. Vahey is not a prevailing party, and in the alternative, that the Secretary’s position was substantially justified. For the reasons set forth below, the Court will deny Mr. Vahey’s application.
I. BACKGROUND
On December 17, 2004, Mr. Vahey filed a Notice of Appeal from an August 24, 2004, Board of Veterans’ Appeals (Board) decision that denied entitlement to separate 10% disability ratings for bilateral tinnitus.[1] On February 11, 2005, before briefing had been initiated, the Court granted the parties’ joint motion to stay *210 proceedings pending the Court’s disposition of various appeals involving bilateral tinnitus. On April 5, 2005, the Court held in Smith v. Nicholson, 19 Vet.App. 63, 75 (2005), that the plain language of 38 C.F.R. § 4.25(b) (2002) provided for an award of two 10% disability ratings under 38 C.F.R. § 4.87, Diagnostic Code (DC) 6260 (1999),[2] one for each ear, to veterans exhibiting recurrent bilateral tinnitus.[3] See Smith, 19 Vet.App. at 75. Shortly thereafter, on May 4, the Court issued an order in this appeal dissolving the stay of proceedings and indicating that the case would be remanded “for readjudication in light of Smith,” unless either party objected within 21 days from the date of that order. On June 2, the Court, having received no objection from either party, remanded the matter “for readjudication in light of Smith ..., and issuance of a replacement decision.”
In his EAJA application, Mr. Vahey argues that he is a prevailing party because the Board committed the same error observed in Smith. EAJA Application (Application) at 3^1. Moreover, he contends that the government’s legal position was not substantially justified as its interpretation underlying the denial of separate 10% disability ratings for each ear was contrary to the plain meaning of the relevant regulations. Id. at 5. The Secretary counters, inter alia, that Mr. Vahey is not a prevailing party because the Court never reached the merits of the case and therefore there was no change in the legal relationship of the parties as required by the U.S. Court of Appeals for the Federal Circuit’s (Federal Circuit) decision in Akers v. Nicholson, 409 F.3d 1356 (Fed.Cir.2005). In the alternative, the Secretary asserts that his legal position before the Board was substantially justified because he was relying on the state of the law extant at the time of the Board decision. Secretary’s Response at 7.
II. ANALYSIS
A. Preliminary Matters
The Court has jurisdiction to award reasonable attorney fees. See 28 U.S.C. § 2412(d). The EAJA application under review was filed within the 30-day EAJA application period set forth in 28 U.S.C. § 2412(d)(1)(B), and the application meets the content requirements because it contains (1) a showing that the appellant is a prevailing party, (2) a showing that the appellant is a party eligible for an award because his net worth does not exceed $2,000,000, (3) an allegation that the Secretary’s position was not substantially justified, and (4) an itemized statement of the attorney fees and expenses sought. See 28 U.S.C. § 2412(d)(1)(A), (1)(B), (2)(B); Scarborough v. Principi, 541 U.S. 401, 407-08, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004); Cullens v. Gober, 14 Vet.App. 234, 237 (2001) (en banc).
B. Prevailing-Party Status
Prevailing-party status is a requisite for any award of EAJA fees and *211 “requires some judicial action that changes the legal relationship between the parties on the merits of the claim.” Akers, 409 F.3d at 1359. Prevailing-party status is established either through a merits-stage remand predicated upon the Court’s finding of error or a concession of error by the Secretary. See Scarborough v. Nicholson, 19 Vet.App. 253, 259 (2005); see also Gordon v. Principi, 17 Vet.App. 221, 223-24 (2003) (holding that remand for consideration of an issue for the first time by the Board does not confer prevailing-party status on the appellant); Briddell v. Principi, 16 Vet.App. 267, 271-72 (2002) (concluding that there must be explicit connection between asserted administrative error and Court’s remand for readjudication); Sumner v. Principi, 15 Vet.App. 256, 260-61, 264-65 (2001) (en banc), aff'd sub nom. Vaughn v. Principi, 336 F.3d 1351 (Fed.Cir.2003) (“[A] remand does not constitute ‘some relief on the merits’ unless that remand is predicated upon administrative error.”). Where “an appellant receives a remand in order for VA to address a new legal theory that arose from an intervening court decision, ... the appellant is not a prevailing party because ... the appellant! 1 receive[d] ‘only the opportunity for further adjudication.’ ” Zuberi v. Nicholson, 19 Vet.App. 541, 546 (2006) (quoting Akers, 409 F.3d at 1359). In such an instance, the requisite material change in the legal relationship of the parties does not exist. See Vaughn, 336 F.3d at 1356-57. Moreover, when the Court seeks to determine whether a party is a prevailing party, the Court at that stage will look only to what actions it actually took in its disposition of the underlying appeal. See Briddell, 16 Vet.App. at 272 (the Court will look to the actual language of the remand order in determining whether administrative error exists); see also Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep’t of Health and Human Res., 532 U.S. 598, 609, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) (a “ ‘request for attorney’s fees should not result in a second major litigation’ ” (quoting Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983))); McCormick v. Principi, 16 Vet.App. 407, 411 (2002) (Court will not investigate at the EAJA prevailing-party stage the validity, type, or nature of any administrative error that is either conceded or found).
Mr. Vahey’s contention that he secured a remand from the Court “based in part on the Board’s error in failing to apply the plain language of § 4.25(b)” is unfounded. Application at 4. This case was remanded, along with a host of other cases involving tinnitus, so that the Board might consider, in the first instance, the applicability of the holding in Smith. As the Secretary notes, and contrary to Mr. Vahey’s contentions, there was no explicit finding of error in the June 2, 2005, remand. See Briddell, supra. Moreover, there is no implicit acknowledgment of error in this case because the Court did not address whether the Board incorrectly interpreted § 4.25(b). See Gordon, 17 Vet.App. at 224 (rejecting the appellant’s contention that the Court “implicitly” recognized administrative error where the Court ordered remand to consider a regulation that the Board failed to discuss). Moreover, because the parties did not object to the May 4 order, the matter was remanded before the record on appeal or any briefing had been filed with the Court, thus rendering to speculation any conclusions regarding possible assertions of error.
Finally, despite Mr. Vahey’s assertion in his EAJA application that the Board committed the same error as it did in Smith, the Court will not now investigate whether Mr. Vahey would have been successful in a merits determination of his appeal. See Briddell, supra; see also Buckhannon and *212 McCormick, both supra. Because there has been neither a finding of administrative error nor a concession of error' — rather, the case was remanded for further adjudication in light of Smith — Mr. Vahey is not a prevailing party, and the EAJA application must be denied. See Vaughn and Zuberi, both supra.
III. CONCLUSION
Upon consideration of the foregoing analysis, Mr. Vahey’s June 30, 2005, EAJA application is DENIED.
APPLICATION DENIED.

. "Tinnitus” is “a noise in the ears, such as ringing, buzzing, roaring, or clicking.” Dor-land’s Illustrated Medical Dictionary 1914 (30th ed.2003).

. This version of § 4.87, containing the diagnostic codes relating to diseases of the ear, remained in effect until 2003, when the Secretary amended the regulation specifically to preclude separate disability ratings for bilateral tinnitus. See 68 Fed.Reg. 25,822 (May 14, 2003). These ratings occur in increments of 10% and correspond to reductions in earning capacity from specific injuries or combinations of injuries. See 38 U.S.C. § 1155. Each diagnostic code in this schedule relates to a specific disease of the ear and assigns a disability rating according to symptoms or the severity of those symptoms set forth therein. DC 6260 assigns a 10% disability rating for recurrent tinnitus.

. Smith was subsequently reversed. See Smith v. Nicholson, 451 F.3d 1344 (Fed.Cir.2006), rev'g 19 Vet.App. 63 (2005).