**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 04-1930(E)

Randolph S. Gurley, Appellant,

v.

R. James Nicholson,
Secretary of Veterans Affairs, Appellee.

On Appellant's Application for Attorney Fees and Expenses

(Argued August 23, 2006                    Decided      January 22, 2007   )

*Kenneth M. Carpenter*, of Topeka, Kansas, for the appellant.

*Yvette R. White*, with whom *Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Edward V. Cassidy, Jr.*, Deputy Assistant General Counsel, all of Washington, D.C., were on the pleadings, for the appellee.

Before GREENE, *Chief Judge*, and KASOLD and MOORMAN, *Judges*.

KASOLD, *Judge*: Pending before the Court is veteran Randolph S. Gurley's October 28, 2005, application for attorney fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of $6,429.72. The Secretary filed a response in which he argues that the EAJA application should be denied because the appellant is not a "prevailing party" within the meaning of the statute. Subsequently, the Secretary filed an opposed motion to dismiss for lack of jurisdiction. For the reasons set forth below, the Court will deny both the Secretary's motion and Mr. Gurley's application.

## I. BACKGROUND

Mr. Gurley appealed through counsel a June 25, 2004, decision of the Board of Veterans' Appeals (Board) that increased his disability rating for a left-knee disability to 20%, but no more, and remanded to a VA regional office (RO) his claims for service connection for a psychological

disorder and for a rating of total disability based on individual unemployability (TDIU). After Mr. Gurley filed his principal brief, wherein he argued solely that the TDIU claim was inextricably intertwined with his claim of entitlement to an increased disability rating for his left-knee disability, the parties filed a joint motion for remand (JMR). In the JMR, the parties agreed that, because Mr. Gurley's left-knee disability claim was inextricably intertwined with his remanded claims for service connection for a psychological disorder and for TDIU, a "remand is warranted to comply with the Court's holding in *Harris v. Derwinski*, 1 Vet.App. 180 (1991)." JMR at 2. The JMR further stated:

> Where the facts underlying separate claims are "intimately connected," the interests of judicial economy and avoidance of piecemeal litigation require that the claims be adjudicated together. *Smith v. Gober*, 236 F.3d 1370, [1372] (Fed. Cir. 2001). The Court has held that where a decision on one issue would have a "significant impact" upon another, and that impact in turn "could render any review by this Court of the decision [on the other claim] meaningless and a waste of judicial resources," the two claims are inextricably intertwined. *Harris v. Derwinski*, 1 Vet.App. 180, 183 (1991).

JMR at 2 (second bracketed text in original). On October 13, 2005, the Clerk of the Court granted the JMR and remanded the matter. Mr. Gurley timely filed the underlying EAJA application.

## II. ANALYSIS

### A. Secretary's Motion to Dismiss for Lack of Jurisdiction

Although the Court remanded the underlying merits action pursuant to the parties' JMR, the Secretary correctly notes that our jurisdiction over a matter may be raised by the parties or by the Court sua sponte at any stage of the proceeding. *See Fugere v. Derwinski*, 972 F.2d 331, 334 n.5 (Fed. Cir. 1992). With regard to the Court's jurisdiction, the Secretary argues that *Harris*, upon which the JMR was premised at least partially, specifically held that a Board decision on a matter that was inextricably intertwined with another matter that was still being adjudicated below was a nonfinal decision over which the Court lacked jurisdiction. Relying on *Heath v. West*, 11 Vet.App. 400, 404 (1998), the Secretary further argues that, because the Court lacked jurisdiction over the matter that was appealed – and therefore erroneously remanded the matter pursuant to the JMR – the Court lacks jurisdiction over the EAJA application. Mr. Gurley argues that the Court has jurisdiction over the application and, at oral argument, he extended his argument to assert that, to the extent that

2

*Harris* held that a decision on an inextricably intertwined matter was not final for purposes of the Court's jurisdiction, *Harris* was impliedly overruled by the U.S. Court of Appeals for the Federal Circuit in *Halpern v. Principi*, 313 F.3d 1364 (Fed. Cir. 2002), and *Hudson v. Principi*, 260 F.3d 1357 (Fed. Cir. 2001).

Under the circumstances of this case we need not decide whether *Harris* was impliedly overruled by *Halpern* or *Hudson*. In *Harris*, the Court noted that any decision it rendered on the anxiety claim being considered on appeal could be rendered moot by a decision by the Board on the underlying heart condition claim because, as Mr. Harris argued, his anxiety was caused by his heart condition, making the claims inextricably intertwined. The Court further reasoned that because a decision of the Court on the anxiety claim could be rendered moot by a decision below on the heart condition claim, the anxiety claim was not final and the Court did not have jurisdiction over it. *See Harris*, 1 Vet.App. at 183.[1] A situation similar to the one in *Harris* arises when the Board remands to the RO a claim of entitlement to a higher schedular disability rating and also denies a claim for entitlement to TDIU, which is then appealed to the Court. In such a circumstance, any decision by the Court on TDIU entitlement could be rendered meaningless by an adjudication below that awards a higher schedular rating that, in turn, may satisfy the requirements for an award of schedular TDIU under 38 C.F.R. § 4.16(a) (2006).

On the other hand, in the reverse situation, a decision below has no direct impact on a decision by the Court. For example, if a higher schedular rating was denied by the Board and appealed to the Court, while the issue of TDIU entitlement was remanded by the Board or otherwise still under adjudication below, a decision below on TDIU entitlement would not impact the question of whether a higher schedular rating was correctly denied – thus, a decision of the Court on the

_____

[1] The *Harris* decision also recognized judicial economy as a basis for not hearing an appeal on a claim inextricably intertwined with one still being adjudicated below. Although this would warrant remand, the *Harris* Court nevertheless considered the matter one of jurisdiction. We recognize that the *Harris* decision places a claimant between the proverbial rock and a hard place with regard to a decision of the Board that appears final as to one claim but may nonetheless be inextricably intertwined with other claims still under adjudication. An appeal could prove to be untimely and costly to the claimant, but if the claim on which the Board rendered its decision turns out not to be inextricably intertwined with other claims still under adjudication, a failure to appeal could effectively vitiate his right to appeal, as the 120-day period in which to appeal might pass. *See* 38 U.S.C. § 7266 (Notice of Appeal must be postmarked or received by the Court within 120 days after a final Board decision on the matter appealed). Nevertheless, reconsideration of *Harris* is not now specifically before us or otherwise required.

appealed matter could not be rendered moot by a subsequent Board decision.[2] Under such circumstances, the Court would have jurisdiction over the matter, including jurisdiction to remand that matter for the purposes of judicial economy.

Here, the claim of entitlement to service connection for a psychological disorder and the issue of entitlement to TDIU were remanded by the Board and were still under adjudication below when Mr. Gurley filed the appeal of his knee-disability claim. Although these matters are all related, decisions below on the psychological disorder claim and TDIU entitlement would have no impact on a decision of the Court on the knee-disability rating. Thus, the Board decision on the left-knee-disability claim was final. The Court therefore had jurisdiction over the appeal and therefore the authority to grant the JMR. Because the Court had jurisdiction over the underlying matter, the Court now has jurisdiction over this EAJA application. *See Halpern*, 313 F.3d at 1368 (because Court had appellate jurisdiction to decide the appeal, the Court had jurisdiction over the subsequent EAJA application); *see also Scarborough v. Principi*, 541 U.S. 401, 413 and n.3 (2004) (noting for EAJA purposes that the appellant had already invoked the Court's jurisdiction by appealing the Board's decision). Accordingly, the Secretary's motion to dismiss for lack of jurisdiction will be denied.

## B. Merits of the EAJA Application

### 1. Preliminary Matters

The EAJA application under review was filed within the 30-day EAJA application period set forth in 28 U.S.C. § 2412(d)(1)(B), and the application meets the content requirements because it contains (1) a showing that the appellant is a prevailing party, (2) a showing that the appellant is a party eligible for an award because his net worth does not exceed $2,000,000, (3) an allegation that the Secretary's position was not substantially justified, and (4) an itemized statement of the attorney fees and expenses sought. *See* 28 U.S.C. § 2412(d)(1)(A), (1)(B), (2)(B); *Scarborough*, 541 U.S. at 407-08 (2004); *Cullens v. Gober*, 14 Vet.App. 234, 237 (2001) (en banc).

---

[2] Even if the Board were to grant TDIU, Mr. Gurley's employability might change causing that rating to be withdrawn, but he may nonetheless be entitled to the schedular disability rating for his left-knee disability. *See* 38 C.F.R. §§ 3.343(c) (providing that TDIU may be reduced upon a showing of "actual employability . . . established by clear and convincing evidence"), 4.16(a) (2006) (requirements for entitlement to TDIU).

*2. Prevailing Party Status*

The Court has repeatedly held that prevailing party status arises either through a Court direction that the Secretary award the benefits sought to the claimant or "through the grant of a merits-stage Court remand predicated on administrative error." *Rollins v. Principi*, 17 Vet.App. 294, 298 (2003); *see also Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603-04 (2001) ("'[A] plaintiff [must] receive at least some relief on the merits of his claim before he can be said to prevail.'" (quoting *Hewitt v. Helms*, 482 U.S. 755, 760 (1987))); *Sumner v. Principi*, 15 Vet.App. 264, 264 (2001) (en banc) (remand predicated upon administrative error constitutes "some relief on the merits"). For prevailing party status predicated on a remand for administrative error, the Court has consistently held that "the remand must either (1) have been directed in a Court opinion, decision, or order that contained a Court recognition of administrative error or (2) have been granted on the basis of a concession of error by the Secretary." *Gordon v. Principi*; 17 Vet.App. 221, 223 (2003); *see also Zuberi v. Nicholson*, 19 Vet.App. 541, 544 (2006).

The underlying order granting the JMR in this case does not contain a Court recognition of administrative error. *See Sumner*, 15 Vet.App. at 264 (prevailing party status requires recognition of administrative error). Nor does the JMR itself contain a concession of error by the Secretary, either explicit or implicit. *See Vahey v. Nicholson*, 20 Vet.App. 208, 211 (2006) (finding no explicit finding of error or implicit acknowledgment of error in Court decision); *Briddell v. Principi*, 16 Vet.App. 267, 272 (2002) (Court looks to the words of a JMR to determine whether it was predicated on administrative error). Rather, the parties agreed in the JMR that remand was warranted for compliance with *Harris*, for the specifically stated purposes of "judicial economy and avoidance of piecemeal litigation." JMR at 2. As noted previously, *Harris* involved a claim on appeal that was inextricably intertwined with a claim still being processed below, and the Court held that it did not have jurisdiction over the claim on appeal. *Harris*, however, also involved concepts of judicial economy. *See ante* at note 1. In contrast, the Court here had jurisdiction over the Board decision that was the subject of the JMR, leaving consideration of judicial economy as the sole basis for the JMR. Indeed, the JMR makes no reference to the jurisdictional aspects of *Harris*, and specifically cites judicial economy as the basis for the remand. *See* JMR at 2. Such a basis does not constitute administrative error.

When determining whether an appellant is a prevailing party, "the Court at that stage will look only to what actions it *actually took* in its disposition of the underlying appeal," *Vahey*, 20 Vet.App. at 211 (emphasis in original), and will look only to the actual language of the remand order to determine whether administrative error exists, *see Briddell*, 16 Vet.App. at 272. That is, the Court will not engage in a second major litigation to determine whether error was found by the Court or conceded by the Secretary. *See Dillon v. Brown*, 8 Vet.App. 165, 168 (1995) (citing *Comm'r, INS v. Jean*, 496 U.S. 154, 158-60 (1990)).

Mr. Gurley argues that the Court's caselaw requiring administrative error for prevailing party status has been overruled. Specifically, he contends that, under *Rice Service, Ltd. v. United States*, 405 F.3d 1017 (Fed. Cir. 2005), *Halpern v. Principi*, 384 F.3d 1297 (Fed. Cir. 2004), and *Former Employees of Motorola Ceramic Products v. United States*, 336 F.3d 1360 (Fed. Cir. 2003), a "remand is good enough." Reply to Secretary's Opposition at 4. As he clarified at oral argument, Mr. Gurley maintains that these cases do not require that error exist in order for him to be a prevailing party; rather, he argues that he became a prevailing party when he received the remand without regard to whether there was a finding or concession of error.

The cases upon which Mr. Gurley relies, however, do not support his argument. In *Motorola*, a case in which EAJA fees were granted, the Federal Circuit stated that "where the plaintiff secures a remand requiring further agency action *because of alleged error* by the agency, the plaintiff qualifies as a prevailing party . . . ." 336 F.3d at 1366 (emphasis added). Moreover, the Government in *Motorola* did not oppose a requested remand for reconsideration based on various assertions of error, but rather specifically stated that "reconsideration of the negative determination is appropriate." *Id.* at 1362; *see also Rice*, 405 F.3d at 1024. In *Rice*, there was no concession of agency error and EAJA fees were denied. The Federal Circuit determined in that case that the dismissal by the Court of Federal Claims was not a decision on the merits when it was based upon the agency's voluntary actions that mooted the controversy. *See Rice*, 405 F.3d at 1026-28. In *Halpern*, the Federal Circuit did not have to address error because this Court's remand order on the underlying merits case directed the Board to dismiss the matter, with no further additional proceedings required. Moreover, although Mr. Gurley cited to the recent decision in *Kelly v. Nicholson*, 463 F.3d 1349 (Fed. Cir. 2006), as supplemental authority supporting his position, it does

not.  In that case, the Federal Circuit found "the veteran has already prevailed in the civil action before the Veterans Court by obtaining a remand *in light of the agency's error*." *Id.* at 1355 (emphasis added) (determining that the applicant was a prevailing party because of the Court remand based on VA error and that prevailing at the agency on remand was not required).  Finally, in contrast to Mr. Gurley's contention that error is no longer a consideration when assessing an EAJA application, the Federal Circuit quoted favorably in *Kelly* the statement in *Motorola* that EAJA fees may be awarded when a remand is based on alleged error and highlighted its recognition of error in its third footnote.  *See Kelly*, 463 F.3d at 1353, 1354 n.\*\*\*.

### III. CONCLUSION

In this case the JMR reveals only that the Secretary agreed that a remand was appropriate for purposes of judicial economy under *Harris*.  Such a remand does not alter the legal relationship between the parties under *Zuberi*, because it indicates only that the claim may need further consideration as a result of another yet-unresolved claim.  There is no suggestion that Mr. Gurley will necessarily be in a better position on remand or that the current Board decision would not withstand scrutiny after the other matter is resolved.  The Court will not look beyond the agreed upon basis of the JMR to inquire if there was any administrative error that would confer prevailing party status.  *See Vahey* and *Briddell*, both *supra*.  Accordingly, the EAJA must be denied because the Mr. Gurley has not established prevailing party status based upon the face of the JMR.

The application for attorney fees and expenses is DENIED.