KASOLD, Chief Judge:
Veteran Earl B. Thompson applies through counsel pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), for an award of attorney fees and expenses. The Secretary argues that compensation under EAJA is not warranted because Mr. Thompson is not a prevailing party and the Secretary’s position was substantially justified. For the reasons set forth below, the application will be denied.
I. BACKGROUND
Mr. Thompson appealed a December 15, 2008, decision of the Board of Veterans’ Appeals (Board) that denied his claim for disability compensation for post-traumatic stress disorder. Before the case was decided, the parties filed a joint motion for remand (JMR). Noting that the facts in Mr. Thompson’s case are analogous to those referenced in the Court’s order in Clemons v. Shinseki, 23 Vet.App. 1 (2009), and that “[t]he law, as articulated in Clemons, applies to [this] appeal” (JMR at 2), the parties requested a remand for the Board to “consider and address the legal proposition outlined in Clemons as it applies to the particular facts of this case” (JMR at 3). The Clemons decision had not yet issued when the Board decided Thompson; thus, the Board did not have the opportunity to consider the applicability of the then new case to the facts and law as it existed when Thompson was decided. The Court summarily granted the parties’ JMR. Thompson (Earl B.) v. Shinseki, U.S. Vet.App. No. 09-1026 (unpublished clerk’s order dated Sept. 29, 2009).
II. DISCUSSION
A. Prevailing Party Status Requires an Admission or Finding of Error
It is well established that when a Court remand is based on a JMR, EAJA fees may be awarded only if the JMR is based on an explicit or implicit admission of error contained in the JMR or a recognition of error contained in the Court’s order granting the JMR. See Sumner v. Principi, 15 Vet.App. 256, 265 (2001) (en banc) (“Because nowhere in his motion did the Secretary acknowledge error, and because, alternatively, in remanding the matter, the Court did not recognize administrative error, the remand was not predicated upon administrative error. The appellant thus is not a prevailing par *178 ty”), aff'd sub nom. Vaughn v. Principi, 336 F.3d 1351 (Fed.Cir.2003); Gurley v. Nicholson, 20 Vet.App. 573, 577 (2007) (denying EAJA fees in the absence of an explicit or implicit admission of error by the Secretary); Vahey v. Nicholson, 20 Vet.App. 208, 211 (2006) (finding no explicit admission of error or implicit acknowledgment of error in Court decision); Briddell v. Principi, 16 Vet.App. 267, 272 (2002) (Court looks to the words of a JMR to determine whether it was predicated on administrative error). Notably, the JMR in this instance contains no explicit admission by the Secretary of administrative error, and there is no finding of error in the Court’s order granting the JMR. Accordingly, EAJA fees may be awarded in this instance only if the JMR reflects an implicit acknowledgment of error by the Secretary.
B. Parties’ Arguments
In support of their positions that the JMR implicitly contained — or did not contain — an admission of error by the Secretary, both parties focus on Clemons and whether or not it established new law or merely restated established legal precedent. The Secretary argues that Clemons effected a change in law and therefore the JMR was not predicated on administrative error, while Mr. Thompson argues that Clemons simply restated established law and therefore the JMR was predicated on administrative error.
At the outset, we note that the parties’ primary reliance on whether Clemons created new law or applied established legal precedent is misplaced. We have never held that a remand based on a JMR for purposes of considering a statute, a case, or a regulation necessarily entitles an appellant to EAJA fees simply because the law was established prior to a Board decision. Indeed, unless the application of established law reasonably was raised below, either by the claimant or by the record, there would be no error in the Board not addressing it. Schafrath v. Derwinski, 1 Vet.App. 589 (1991) (Board must consider and discuss all applicable provisions of law and regulation where they are made “potentially applicable through the assertions and issues raised in the record”); see also Robinson v. Peake, 21 Vet.App. 545, 552 (2008) (Board required to consider all issues raised either by the claimant or by evidence of record). And, even in the absence of error below, nothing prevents the parties from jointly agreeing to request that the Court remand a matter for the Board to consider established law, or for any other proper purpose, without an admission of error, or otherwise prevents the Court from granting such a JMR.[1] E.g., Maggitt v. West, 202 F.3d 1370, 1377-78 (Fed.Cir.2000) (holding that this Court has discretion to remand legal issues raised for the first time on appeal). Nevertheless, to the extent a JMR is predicated on a cited case as the basis for remand, the scope of the cited case can be relevant to fleshing out whether there is any implied concession of error. Gurley, 20 Vet.App at 577 (noting the scope of Harris v. Derwinski, 1 Vet.App. 180 (1991) upon which a JMR was predicated and further noting that the terms of the JMR focused only on judicial economy).
C. Clemons Did Not Establish New Law
Contrary to the Secretary’s argument, although Clemons was a newly decided *179 case, it did not create new law. In holding that an appellant does “not file a claim to receive benefits only for a particular diagnosis, but for the affliction [caused by] his condition, whatever that is,” and that the Board errs in not considering alternative conditions within the scope of the claim filed, Clemons merely reiterated established principles and law. Indeed, liberal reading of filings by claimants is required by VA regulation, see Robinson v. Shinseki, 557 F.3d 1355, 1359 (Fed.Cir.2009) (38 C.F.R. §§ 20.201 and 20.202 oblige the Secretary to construe arguments “in a liberal manner”), and has been since before the creation of this Court in 1988, see McGhee v. Brown, 6 Vet.App. 414 (1994) (noting that 38 C.F.R. § 19.123 has required the Board to construe arguments in a liberal manner since 1983).
Moreover, the emphasis on the intent of a layperson-claimant to determine the scope of a claim is not new. For example, in EF v. Derwinski, 1 Vet.App. 324, 326 (1991), although the veteran’s claim was for an anxiety disorder and his argument to the Board was based on the regional office’s (RO’s) denial of schizoaffective disorder and depression, the Court held that “there is nothing magical about the statements actually used,” and that the Secretary’s statutory duty to assist required a VA examination to determine what, if any, psychiatric disability existed. See also Ingram v. Nicholson, 21 Vet.App. 232, 256 (2007) (“[A] sympathetic reading of the appellant’s pleadings cannot be based on a standard that requires legal sophistication beyond that which can be expected of a lay claimant and [the Secretary] must consider whether the appellant’s submissions, considered in toto, have articulated a claim.”).
Similarly, a layperson’s general lack of competence to identify the specific medical condition ailing him has been recognized since the beginnings of the Court, e.g., Espiritu v. Derwinski, 2 Vet.App. 492 (1992), as has the requirement to give a sympathetic reading to veteran’s filings by “determining all potential claims raised by the evidence, applying all relevant laws and regulations,” Roberson v. Principi, 251 F.3d 1378, 1384 (Fed.Cir.2001); Szemraj v. Principi, 357 F.3d 1370, 1373 (Fed.Cir.2004) (same); see also Kelly v. Nicholson, 463 F.3d 1349 (Fed.Cir.2006) (finding Agency error based on the Secretary’s “failure to consider all evidence and material of record before deciding a material issue on the merits,” and noting that the two “diagnoses were not separate claims, merely two means of establishing the same end — the service connection claim”); Schafrath, supra.
And, perhaps most tellingly, the primary issue in Clemons was the Court’s jurisdiction; underlying that issue was a JMR in which the parties acknowledged the established law, specifically, the Board’s duty to “adjudicate all issues reasonably raised by a liberal reading of the appellant’s substantive appeal,” Clemons JMR at 2 (citing Solomon v. Brown, 6 Vet.App. 396, 402 (1994)), and the Secretary’s duty to investigate “all possible in-service causes of [a] current disability, including those unknown to the veteran, id.” (citing Schroeder v. West, 212 F.3d 1265, 1271 (Fed.Cir.2000)). The Secretary also explicitly admitted error in the Clemons JMR when he agreed that “the Board failed to fully adjudicate these inextricably intertwined claims.” Id. at 3. Thus, even prior to the issuance of Clemons, the Secretary was well aware of his duty to liberally read claims.[2]
*180 D. Application of Law
Although the Secretary could have agreed in the JMR that a remand was necessary because the Board erred, or failed to adequately address the law or evidence, he did not do so. Inasmuch as Clemons did not create new law, the Secretary implicitly could have acknowledged error by stating, for example, that the Board should have addressed the issues raised in Clemons, or that the issues addressed in Clemons reasonably were raised below in the Thompson Board decision and therefore the matter should be remanded for the Board to address them.[3] But, the Secretary did not do so.
Rather, there is no admission or recognition, explicit or implicit, of failure by the Board, and there is no admission or recognition, explicit or implicit, that an issue reasonably was raised below and should have been discussed, or that there was any error below. Indeed, both parties left wholly unanswered whether they believed the Board erred in its decision. The JMR merely states that “the Board should address the legal proposition outlined in Clemons” (JMR at 3), and the Court granted this motion without discussion.
The JMR clearly was predicated on the parties’ joint desire that the Board consider the impact, if any, of the Clemons decision in the first instance, something that the Board did not earlier have the opportunity to do because Clemons had not issued from the Court at the time of the Board decision. Thus, rather than containing an admission of error, explicit or implicit, the JMR merely evinces an intent of the parties that, whatever each may have thought was the scope of Clemons, they wanted it considered by the Board. There is nothing wrong with two parties agreeing to forego further litigation if they can agree to have a matter settled or addressed below.[4] Indeed, the “Court has always attempted to encourage and facilitate the expeditious and efficient resolution of cases before it.” Boggs v. Brown, 10 Vet.App. 320, 321 (1997); see also 38 U.S.C. § 7252(a) (Court may “remand the matter, as appropriate”), Maggitt, supra.
Our concurring colleague’s suggestion that we should determine in the first instance whether a JMR was based on administrative error is contrary to both our caselaw, e.g., Gurley and Vahey, both supra, and the Supreme Court’s decision in Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), which requires that prevailing party status be based on a judicial imprimatur in the underlying merits decision. As explained in Briddell, supra, to find that the Court may, at the EAJA stage, make a finding on what the parties actually meant in their joint motion on the merits would create an ex post facto “judicial imprimatur” in violation of Buckhannon. 16 Vet.App. at 272- *181 73 (also noting that it would be “a highly anomalous result for the Court to defer consideration of these issues on the merits, but then take them on at the EAJA stage, when such a Court decision could well end up being made so late in the process that the Board had already made its decision on remand”); see also Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (“A request for attorney’s fees should not result in a second major litigation.”); Vaughn, 336 F.3d at 1359 (“The Supreme Court [in Buckhan-non and Hensley ] was concerned with litigation over ‘entitlement to an award,’ as well as over litigation over appropriate hours expended and hourly rates.” (citing Buckhannon, 532 U.S. at 609, 121 S.Ct. 1835 (citing Hensley, 461 U.S. at 437, 103 S.Ct. 1933))).
Because the JMR in this instance was based solely on the parties’ agreement to remand the case for Board consideration and discussion of Clemons without any admission, recognition, or other discussion of error as a reason for remand, and because the order granting the motion contains no further discussion of this issue or finding of error, Mr. Thompson does not demonstrate that he is a prevailing party. See Sumner and Vahey, both supra. Accordingly, Mr. Thompson is not entitled to compensation under EAJA for attorney fees and expenses. Id. (successful EAJA application requires, inter alia, that the appellant be a prevailing party).
III. CONCLUSION
Having determined that Mr. Thompson is not entitled to an EAJA award because he is not a prevailing party, the parties’ arguments regarding substantial justification are moot. Id. at 210-12 (EAJA application denied without discussion of substantial justification after Court found appellant was not a prevailing party).
For the foregoing reasons, the EAJA application is DENIED.
KASOLD, Chief Judge, filed the opinion of the Court.
LANCE, Judge, filed an opinion concurring in the result.

. Given the text of our discussion, our concurring colleague’s comment about the parties somehow exercising the Court’s discretion to remand a matter is perplexing at best. See post at 182-83. Simply reiterated: The parties request remand; the Court, in its discretion and exercise of its authority, grants or denies the request. A request for remand may be based on error, but it does not have to be based on error.

. Our concurring colleague’s assertion that Clemons clarified our jurisdiction is inappo-site. As noted in the text above, the duty of the Secretary to process claims based on symptoms complained of and not simply on self-proclaimed diagnosis was the law before *180 Clemons, and was so recognized by the Secretary (whether it was termed as one claim or two).

. Contrary to our concurring colleague’s suggestion that some kind of "magic language” is needed to constitute an admission of error, see post at 183, it takes any language explicitly or impliedly admitting error to establish prevailing party status. E.g., Gurley and Vahey, both supra.

. Our concurring colleague apparently has a fundamental difference of opinion as to whether a JMR can be granted even in the absence of an admission or recognition of error, but his opinion is not based in the law. If it were, there would be no need for an admission or recognition of error in the JMR to establish prevailing party status, which is a well established requirement. E.g., Gurley and Vahey, both supra.