# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 15-1469(E)

JAY D. CONLEY, APPELLANT,

V.

ROBERT L. WILKIE,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appellant's Application for Attorney Fees and Expenses

(Decided August 30, 2018)

*Penelope Gronbeck*, of South Portland, Maine, was on brief for the appellant.

*James M. Byrne*, General Counsel; *Mary Ann Flynn*, Chief Counsel; *Kenneth A. Walsh*, Deputy Chief Counsel; and *Brent A. Bowker*, all of Washington, D.C., were on the brief for the appellee.

Before DAVIS, *Chief Judge*, and BARTLEY and TOTH, *Judges*.

DAVIS, *Chief Judge*: Veteran Jay D. Conley seeks attorney fees, asserting that he is the prevailing party in the underlying appeal. Before the Court is Mr. Conley's August 15, 2017, application pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), for an award of attorney fees and expenses in the amount of $8,375.32. The Court has jurisdiction under 28 U.S.C. § 2412(d)(2)(F) to award reasonable attorney fees and expenses. In this case, Mr. Conley filed his EAJA application within the 30-day period set forth in 28 U.S.C. § 2412(d)(1)(B), and his application satisfies that section's content requirements. *See Scarborough v. Principi*, 541 U.S. 401, 408 (2004). The Secretary argues that Mr. Conley is not a prevailing party under 28 U.S.C. § 2412(d)(1)(A), and, therefore, is not entitled to EAJA fees. The Secretary does not challenge the EAJA application on any other basis.

Though neither party requested a precedential decision, this case was referred to panel to address whether Mr. Conley is a prevailing party, especially the Secretary's argument that the remand here was due solely to the fact that caselaw changed during the pendency of Mr. Conley's appeal. Because the Court concludes that Mr. Conley is a prevailing party, and the Secretary does not contest any other aspect of Mr. Conley's application, the Court will grant Mr. Conley's EAJA application in full.

## I. BACKGROUND

In the underlying appeal to this Court, Mr. Conley argued that the Board of Veterans' Appeals erred in denying his July 2014 request for a second Board hearing so that he could offer further evidence in the form of his testimony. Specifically, Mr. Conley argued that, had he been accorded the hearing he requested in July 2014, he would have testified why he had good cause for failing to report to a scheduled VA medical examination.

The Board acknowledged this request but found that due process was satisfied by an October 2012 Board hearing. Between the October 2012 Board hearing and the Board decision in the underlying appeal, a March 2014 Board decision reopened and remanded Mr. Conley's claim for a psychiatric disorder. The remand order required VA to obtain complete service personnel records and furnish a VA medical examination, to which Mr. Conley failed to report, to determine the etiology of Mr. Conley's psychiatric disorder. The Board then denied the claim for a psychiatric disorder, resulting in the underlying appeal to this Court.

In April 2016, the underlying appeal was stayed pending the Court's decision in *Cook v. Snyder*, 28 Vet.App. 330 (2017), which was decided in January 2017. In *Cook*, the Court held that 38 U.S.C. § 7107(b) does not limit claimants to only one Board hearing during the entire course of an appeal, stating that "a claimant who received a personal hearing at one stage of appellate proceedings before the Board is not barred from requesting and receiving a Board hearing during a separate stage of appellate proceedings before the Board." 28 Vet.App. at 344-35. Because the Board concluded that Mr. Cook did not have a right to a second hearing, the Court held that the Board erred as a matter of law and remanded the matter for the Board to provide the additional hearing. *Id*. at 346.

After the Court issued *Cook*, the Court received supplemental briefs on the impact of *Cook* on this appeal. In a single-judge decision, the Court reasoned that, as in *Cook*, the issue on appeal following the March 2014 Board remand had shifted "from whether there was new and material evidence to reopen the claim for a psychiatric disorder to whether service connection could be granted." *Conley v. Shulkin*, No. 15-1469, 2017 WL 2255796, at *3 (U.S. Vet. App. May 23, 2017) (mem. dec.). The Court concluded that "*Cook* requires a remand to furnish the requested Board hearing in this case." *Id.* That decision became final and Mr. Conley's EAJA application followed.

## II. ANALYSIS

### A. Prevailing-Party Status

In order to obtain EAJA fees, a claimant must show that he or she is a prevailing party within the meaning of EAJA. 28 U.S.C. § 2412(d). To achieve prevailing-party status, a litigant must receive "some judicial action that changes the legal relationship between the parties on the merits of the claim." *Akers v. Nicholson*, 409 F.3d 1356, 1359 (Fed. Cir. 2005) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't. of Health Res.*, 532 U.S. 598 (2001)); *see Robinson v. O'Rourke*, 891 F.3d 976, 980 (Fed. Cir. 2018); *Former Emps. of Motorola Ceramic Prods. v. United States*, 336 F.3d 1360, 1366 (Fed. Cir. 2003); *Blue v. Wilkie*, No. 15-1884(E), 2018 WL 2230562, at *2 (U.S. Vet. App. May 16, 2018).

A remand to an administrative agency for additional proceedings may confer prevailing-party status upon a litigant, "but only if the remand is predicated—either explicitly or implicitly—on administrative error." *Robinson*, 891 F.3d at 980-81; *see Davis v. Nicholson*, 475 F.3d 1360, 1364 (Fed. Cir. 2007); *Sumner v. Principi*, 15 Vet.App. 256, 264 (2001) (noting that prevailing-party status requires, "at a minimum, a court remand predicated on administrative error"). "[W]here the remanding court has not retained jurisdiction, a remand to an administrative agency is relief on the merits if the remand was necessitated by agency error, and the remand calls for further agency proceedings." *Dover v. McDonald*, 818 F.3d 1316, 1319 (Fed. Cir. 2016).

There is no question that, following the remand in Mr. Conley's underlying appeal, the Court did not retain jurisdiction and that the remand called for additional Agency proceedings. The single-judge remand transferred jurisdiction over Mr. Conley's appeal back to the Board for the Board "to furnish the requested Board hearing." *Conley*, 2017 WL 2255796, at *3. The remaining question, therefore, is whether the *Conley* Court remand was predicated on Agency error.

### B. Parties' Arguments

The Secretary argues that Mr. Conley is not a prevailing party because the Court, in its underlying decision, "did not make a finding of administrative error, but instead found that the *Cook* decision compelled remand." Secretary's Response at 5. He contends that "the remand [i]n this case was solely based on the intervening *Cook* decision, which is new case law based on an ambiguous statute." *Id*. at 5. Finally, he argues that the remand was based solely on retroactive application "of a change in caselaw during the pendency of [the] appeal." *Id*. at 4 (citing *Flemming v. Principi*, 16 Vet.App. 52, 53 (2002)).

3

Mr. Conley responds that the remand in this case was not based solely on the intervening *Cook* decision but instead was premised on a finding that the Board erred in not providing him a second hearing. He argues that *Cook* established not an automatic rule but a nuanced rule that requires "analysis of its application to the facts of each case." Appellant's Reply at 2. He contends that the Court's analysis, which the Court conducted after receiving supplemental briefs from both parties, demonstrated administrative error despite factual differences between his appeal and the circumstances involved in *Cook*. *Id*. at 3. Finally, he asserts that he prevailed "not *solely* by virtue of the decision in *Cook*, but rather by persuading the Court that *Cook* applies to demonstrate an administrative error based on the facts of [his] case, over the Secretary's opposition, all as argued in [the supplemental briefs]." *Id*. (emphasis in original).

## C. Discussion

### *1. Administrative Error*

To determine whether the Court remand was predicated on Agency error the Court must first examine the underlying merits decision. *See Blue*, 2018 WL 2230562, at *3 ("The face of the underlying merits decision sets the stage for a subsequent EAJA determination."). Here, however, the single-judge decision did not explicitly find Agency error.

In cases where there is no explicit finding of administrative error and no concession of error, "the default rule is that the remand is not based on administrative error for EAJA purposes." *Davis*, 475 F.3d at 1366. But, the Court is not limited to the four corners of the remand in assessing whether there was Agency error. *See id.* at 1365; *Blue*, 2018 WL 2230562, at *3. Instead, the Court must consider the nature and context of the remand. *See Gurley v. Peake*, 528 F.3d 1322, 1327-28 (Fed. Cir. 2008). In these cases, the burden is on the EAJA applicant to prove, based on the record, that the remand must have been predicated on administrative error despite the absence of an explicit finding of error. *See Davis,* 475 F.3d at 1366.

The Court concludes that Mr. Conley has met his burden of demonstrating that the remand granted in the single-judge decision was premised on administrative error. Mr. Conley argued in his primary brief that the Board erred in failing to grant him a hearing when his case returned to the Board following remand to the Agency of original jurisdiction, and in his supplemental brief explained how *Cook* supported that conclusion. The Court agreed in its single-judge decision and granted the remand, to include a Board hearing. *Cook* found that the Board erred as a matter of law in concluding that the claimant did not have a right to the requested additional hearing during

4

a separate stage of appellate proceedings. 28 Vet.App. at 346. In Mr. Conley's case, the conclusion of administrative error inheres in the fact that the Court granted the same requested relief, upon a similar assertion of error, employing essentially the same reasoning as *Cook*. *See Davis*, 475 F.3d at 1364 ("We must conclude that the remand order was either explicitly or implicitly predicated on administrative error.").

The Secretary's arguments against prevailing-party status ignore the significance of the single-judge decision applying *Cook* to the facts of the underlying appeal. In Mr. Conley's case, the Court's decision granted relief—a new Board hearing—that was the principal thrust of Mr. Conley's primary brief to the Court. Where the Court applies an intervening decision to the facts of a pending appeal and remands the case because of that application, the remand is predicated on administrative error, even in the absence of an explicit finding of error.

The confluence of actions here—where the Court did not simply remand the case for the Board to consider applying an intervening case in the first instance but instead applied *Cook* to Mr. Conley's case and implicitly found Board error in the earlier decision that denied a hearing—not only changed the legal relationship between Mr. Conley and the Secretary, *see Akers,* 409 F.3d at 1359, but also acknowledged that the Board erred in not providing Mr. Conley with a hearing. Though additional litigation may ensue postremand on the merits of Mr. Conley's case, that litigation will be enhanced by additional testimonial evidence submitted during that new Board hearing.

*2. Intervening Event During Pendency of Court Appeal*

The Secretary argues that the single-judge remand was based solely on the intervening *Cook* decision, which precludes prevailing-party status. He argues that in *Cook*, the Court found the relevant statute ambiguous and announced a new interpretation of that statute. Secretary's Response at 5. He analogizes Mr. Conley's case to prior cases where, he contends, prevailing-party status was precluded based on intervening events. *Id.* at 4 (citing *Akers*, 409 F.3d at 1359-60; *Vahey v. Nicholson*, 20 Vet.App. 208, 212 (2006); and *Flemming*, 16 Vet.App. at 53). The Secretary's arguments are unpersuasive because he misunderstands the import of the decisions he cites.

The facts of Mr. Conley's case are distinguishable from those of the cases the Secretary cites. Notably, in the cases cited by the Secretary the courts did not reach the merits of the underlying appeal as the Court did in Mr. Conley's case. In *Akers*, the U.S. Court of Appeals for

the Federal Circuit considered whether two claimants were prevailing parties. The Federal Circuit held that one claimant was not a prevailing party when the Court granted the Secretary's unopposed motion to remand the first claimant's case for consideration of the newly enacted Veterans Claims Assistance Act, stating that "the remand did not reach the merits of [the claimant's] case," and "produced no change in the legal relationship between [him] and the Secretary." *Akers*, 409 F.3d at 1359. The Federal Circuit concluded that the remand provided "'only the opportunity for further litigation.'" *Id.* (quoting *Vaughn v. Principi*, 336 F.3d 1351, 1356 (Fed. Cir. 2003)).

The Federal Circuit also held that the second claimant was not a prevailing party when the case was remanded under a joint motion for remand (JMR) to consider an intervening decision of this Court that provided an alternative method of settling the second claimant's debt. This Court did not apply the intervening caselaw to the debt case. The Federal Circuit observed that this Court's approval of the JMR "afforded no judicial *imprimatur* on a change in the legal relationship between [the second claimant] and the Secretary." *Id*. at 1360 (emphasis in original).

In *Vahey*, the parties filed a joint motion to stay proceedings pending the Court's decision in *Smith v. Nicholson*, 19 Vet.App. 63 (2005), *rev'd.* 451 F.3d 1344 (Fed. Cir. 2006). *Smith* held that the plain language of 38 C.F.R. § 4.25(b) at that time provided a 10% disability evaluation per ear for veterans with bilateral tinnitus. Following *Smith*, and before briefing had commenced, the Court dissolved the stay of proceedings and remanded Mr. Vahey's case, without objection from either party, for "readjudication in light of" *Smith*. 20 Vet.App. at 210. In response to a subsequent EAJA application, the Court found that Mr. Vahey was not a prevailing party: in its remand order the Court did not explicitly find error, and there was no implicit acknowledgment of error in that order "because the Court did not address whether the Board incorrectly interpreted § 4.25(b)." *Id*. at 211; *see also Thompson v. Shinseki*, 24 Vet.App. 176, 180 (2010) (determining that the claimant was not a prevailing party where the Court remanded the matter, based on a JMR, for adjudication in light of an intervening decision in *Clemons v. Shinseki*, 23 Vet.App. 1 (2009)).

In *Flemming v. Principi*, the Court addressed a remand based exclusively on an intervening change in caselaw, *Hodge v. West*, 155 F.3d 1356 (Fed. Cir. 1998), which clarified the proper standard for "new and material" evidence. 16 Vet.App. at 53-54; *see Flemming v. West*, No. 97-2150, 1999 WL 219986 (U.S. Vet. App. Apr. 2, 1999) (mem. dec.). The single-judge in *Flemming v. West*, the decision underlying *Flemming v. Principi*, remanded the matter so that the Board could apply, in the first instance, the standard announced in *Hodge*. *Id*. The Court in the underlying

*Flemming v. West* did not itself apply *Hodge* to the veteran's case. In response to a subsequent EAJA application, the Court in *Flemming v. Principi* held that "an appellant receiving a remand under the rule of retroactive application, that is, an appellant who receives a remand *solely* because of a change in caselaw during the pendency of his or her appeal is not an EAJA prevailing party." 16 Vet.App. at 53 (emphasis added). In other words, the "solely" in *Flemming* describes the same circumstances present in *Akers*: a remand that provided only the opportunity for further litigation. Here, in contrast, the Court considered the merits of Mr. Conley's case and, based on his argument, granted a portion of the relief sought on appeal—a remand for a second Board hearing. Unlike the courts in *Akers*, *Vahey*, and *Flemming*, which remanded the matters for readjudication by the Board to consider the effect, if any, of the intervening legal development in the first instance, the Court in Mr. Conley's appeal, after receiving discordant supplemental briefs, performed the requisite analysis and found that *Cook* applied to Mr. Conley's case. In this regard, the Court did not remand the case solely for the Board to address *Cook* in the first instance, but instead found that *Cook* applied to Mr. Conley's case, *and* that he was due a Board hearing. In doing so, the Court implicitly found that the Board erred in not affording Mr. Conley a second hearing.

*Flemming v. Principi*, we acknowledge, also said that "'a remand on the merits that is based on the rule of retroactive application is *not* a remand predicated upon administrative error for purposes of EAJA.'" 16 Vet.App. at 53 (quoting *Sachs v. Principi*, 15 Vet.App. 414, 416 (2002)). But to the extent that statement would require a denial of prevailing-party status in this case, it is inconsistent with binding precedent from the Federal Circuit.

The Federal Circuit addressed *Flemming* only once, in *Halpern v. Principi*, 384 F.3d 1297 (Fed. Cir. 2004). *Halpern* involved an appeal of a denial of EAJA fees on the grounds that the sole basis for a remand was intervening caselaw. The Federal Circuit affirmed the denial but declined to endorse our *Flemming* reasoning, holding that "*whatever the merits* of the rule of retroactive application," the rule did not apply because the intervening decision did not announce a change in the law but instead interpreted the text of a statute for the first time. *Id.* at 1302-03 (emphasis added) ("[T]he announced interpretation cannot be 'retroactively' applied because the statute, correctly interpreted, had the announced meaning from its enactment."). In other words, *Halpern* appeared to assume the premise of the rule of retroactive application—that an intervening judicial decision stating a legal change (as opposed to one merely clarifying what a statute has always meant) precludes prevailing-party status—and found the rule inapplicable in that case. But the

7

language used by the Federal Circuit ("*whatever the merits*") suggests that its analysis may have been a workaround of a rule with which it did not want to engage. The Federal Circuit has not mentioned or applied the rule in the decade-plus since *Halpern*.

This much is certain: The Federal Circuit has never recognized the rule of retroactive application as bearing directly on whether an appellant is a prevailing party. In contrast, it has been unwavering in its insistence that the touchstone of prevailing-party status is whether remand to an agency is predicated on a finding or concession of administrative error—not the basis on which such error is established.

The exclusive propriety of that approach is clear from the three-part analysis set out in *Dover* for determining that an appellant who secures a remand to an administrative agency is a prevailing party under EAJA: (1) The remand was necessitated by or predicated upon administrative error, (2) the remanding court did not retain jurisdiction, and (3) the language in the remand order clearly called for further agency proceedings, which leaves the possibility of attaining a favorable merits determination. 818 F.3d at 1319. *Dover*'s "definitive" analysis "harmonizes the caselaw that had developed over a number of years in this area" and, contra *Flemming*, makes no distinction based on the nature of the error at issue. *See Blue*, 2018 WL 2230562, at *4 & n.3. Thus, to the extent the rule of retroactive application conflicts with *Dover*'s analysis, the latter controls.

Finally, we reject the Secretary's attempts to cloud the prevailing-party analysis outlined in *Dover* and *Blue* with extraneous considerations. The Secretary notes that *Cook* found the statutory language it considered ambiguous and did not wholly adopt either party's reading of the text. Based on these facts, he asserts that *Cook* amounted to a "new interpretation" of the statute and, therefore, a remand based on *Cook* meant that Mr. Conley was not a prevailing party. Yet, even if for the sake of argument we were to accept the Secretary's characterization of *Cook*, the Court cannot see how that characterization is relevant to determining prevailing-party status. Factors such as whether in *Cook* the statutory text was found to be plain or ambiguous, whether the appeal raised an issue of first impression, or whether the Secretary's arguments were rooted in existing precedent are part of the "totality of the circumstances" inquiry this Court uses to determine whether the Secretary's litigation position is "substantially justified." *See generally Butts v. McDonald*, 28 Vet.App. 74 (2016) (en banc). These factors are not part of a determination of whether a remand was predicated on error. Substantial justification is distinct from prevailing-

party status. *Smith v. Principi*, 16 Vet.App. 71, 74 (2002). Notably, both the Supreme Court and Federal Circuit have regarded the status and timing of a court's interpretation of a statute as relevant to the question of whether the Government's position was substantially justified. *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988) ("Obviously, the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified."); *Patrick v. Shinseki*, 668 F.3d 1325, 1332 (Fed. Cir. 2011) ("Whether or not the position adopted by the government comports with then-existing precedent on a particular issue is an undeniably important factor in the assessment of whether the position was substantially justified."). As noted earlier, however, the Secretary has not argued that his position during the merits of Mr. Conley's appeal was substantially justified. And he may not import substantial-justification considerations into the prevailing-party inquiry.

The Court concludes that Mr. Conley is a prevailing party for EAJA purposes. Because the Secretary raises no additional challenges to the EAJA application, the Court will grant the application in full.

### III. CONCLUSION

On consideration of the foregoing, the Court GRANTS Mr. Conley's EAJA application IN FULL.